## A. F. KINGMAN *vs.* ARA BARTON.

### December 3, 1877.

Assignment for Benefit of Creditors—Time Within Which Assignee Must File His Bond—Gen. Laws 1876, c. 44, § 3.—Under the act of March 4, 1876, (Gen. Laws 1876, *c.* 44,) entitled "An act to protect the creditors of assignors and to regulate the duties of assignees," the requirement in section 3 that the assignee shall, within five days after the filing of the inventory by the assignor, file a bond conditioned as therein provided, is imperative ; and if he fails to file the bond within the time, his interest in the property assigned ceases.

Replevin against defendant, sheriff of Rice county, for certain goods taken into his possession under two executions and a writ of attachment. The case was tried by *Lord*, J., without a jury, in the district court for Rice county, and judgment was entered for plaintiff by order of the court. The defendant thereupon appealed.

*Perkins & Whipple*, for defendant, cited *Julian* v. *Rathbone*, 39 N. Y. 369

*Gordon E. Cole*, for respondent, argued that in *Julian* v. *Rathbone* the execution was delivered to the sheriff before

either inventory or bond had been filed, and that in New York such execution was a lien upon personal property from the time of its delivery; that the plaintiff there also took possession of the property, and received a bill of sale from both assignee and assignor before the levy; and. that the same court had also, within two months, *(Hardmann* v. *Bowen,* 39 N. Y. 196,) held the requirement as to the filing of the inventory and bond to be merely directory.

GILFILLAN, C. J.   One Hamre made, acknowledged, and, on August 14, 1876, filed in the office of the clerk of the district court in the county of Rice an assignment of his property to plaintiff, in trust for the benefit of his creditors.   On the 21st, he filed the inventory required by the act of 1876; on the 30th, the bond of the assignee, required by the act, was approved by the judge of the court, and, on September 4th, was filed in the office of the clerk, and the plaintiff took possession of the property.   After this the defendant, as sheriff of Rice county, took the property from plaintiff under an attachment and executions against Hamre.   Whereupon plaintiff brought this action in replevin and had judgment below, and defendant appeals.

Subdivision 6, § 2, of the act referred to (Laws 1876, c. 44) provides that within ten days after filing the assignment the assignor shall file with the clerk "a full, true and complete inventory of such debtor or debtors' estate, both real and personal, in law or in equity, and the incumbrances existing thereon, and of all vouchers and securities relating thereto, and the value of such estate, and each item thereof, to the best knowledge, information and belief of such debtor or debtors."   This inventory is to be under the debtor's oath.

Section 3, that "before any such assignee or assignees shall have power to take possession of any such estate so assigned, or any part thereof, or shall have any authority to sell, dispose of, or convert to the purposes of. the trust any part of such estate, and within five days after the filing of the inventory," such assignee or assignees shall execute and file

with the clerk a bond with sureties, approved by the judge of the district court, "in amount at least double the value of the estate assigned, conditioned on the faithful and just performance of all the duties of such assignee or assignees."

Section 6 subjects all the proceedings to the order and supervision of the district court. The proceeding is in the nature of a judicial proceeding. *Clark* v. *Stanton, supra,* 232.

We think the absolute title to the property assigned does not vest in the assignee until the bond required by section 3 is filed. Until then it is inchoate or conditional, depending for its continuing upon his filing the bond; but between the filing of the assignment and the filing of the bond the court would undoubtedly protect this inchoate or conditional title to the property, not only as against acts of creditors and third persons, but of the assignor. The intent of the legislature, unequivocally expressed, that the assignee shall have no power over the property until the bond is filed, goes far to show that it must be filed within the five days; for the filing of the assignment suspends the power of the assignor, for the time, to further dispose of the property, and of the creditors to proceed against it for satisfaction of their debts, without vesting in the assignee, until he files the bond, the power to dispose of or even take possession of the property. It is hardly to be supposed that the legislature intended this anomalous condition of things, perhaps temporarily necessary, but nevertheless hurtful, both to the assignor and the creditors, to be of long or indefinite continuance. On the contrary, we must presume that the time is inserted as a limit to the continuance of such condition, and, therefore, that the assignee, to perfect his title, must file the bond within the time. Further, the proceeding is in the nature of a judicial proceeding. By the filing of the assignment the court gets jurisdiction over the assignor and probably over the property; but it gets none over the assignee until he files his bond. That is in the nature of an acceptance of the trust, and an appearance in and submission to the jurisdiction of the court,

for the purposes of the trust, by the assignee.    That the provision as to the time within which he shall accept the trust and submit to the jurisdiction is merely directory, and may be complied with or not, as the assignee shall please, without affecting his rights, is not credible.    The rule of construction that the time prescribed for the performance of official acts, in the performance of which the public or third persons have an interest, shall, unless the doing of the act after the time is prohibited, be held merely directory, applies to cases where the public or third persons will be prejudiced by holding the act to be invalid if done after the time, and is for the protection of parties interested from suffering through the neglect of public officers.    It has no application to a case like this, where it is better for parties whose interests the statute aims to protect, that a failure to do the act within the time shall be held to terminate the right to do it at all.    *Juliand* v. *Rathbone*, 39 N. Y. 369.    Where, therefore, the assignee fails to file the bond within the time prescribed by the act, it is equivalent to a refusal to accept the trust, and it terminates all right in the property which he may acquire upon the filing of the assignment.

Judgment reversed.