ISAAC H. MOULTON *vs.* NATHANIEL R. THOMPSON.

June 26, 1879.

**Answer—Denial of Value.**—In an action for the wrongful taking of per-
sonal property, in which the complaint alleges that the property is of
a value stated, the effect of a denial in the answer of each and every
allegation of the complaint is to admit such statement of value.

**Notice to Sheriff before Suit.**—*Barry* v. *McGrade*, 14 Minn. 163, and *Butler* v.
*White*, 25 Minn. 432, followed as to the construction of Gen. St. *c.* 66,
§ 137.

Appeal by defendant from an order of the district court for Hennepin county refusing a new trial, after a trial before *Young,* J., without a jury.

*Geo. R. Robinson,* for appellant.

*Shaw & Levi,* for respondent.

BERRY, J. This is an action for a wrongful taking by defendant from plaintiff's possession of an iron safe, stated in the complaint to be of the value of four hundred dollars. The answer denies the alleged taking, and also denies "each and every other allegation" in the complaint.

1. As respects the value of the safe, the effect of the latter denial is to admit it to be as alleged in the complaint, to wit, four hundred dollars. *Lynd* v. *Picket,* 7 Minn. 128, (184;) *Dean* v. *Leonard,* 9 Minn. 176, (190;) *Hecklin* v. *Ess,* 16 Minn. 51; *Pottgieser* v. *Dorn,* 16 Minn. 204. These cases show that in this state this rule is applicable to actions in tort as well as to those on contract.

2. Defendant's application for leave to amend his answer, so as to put the allegation of value in issue, was addressed to the discretion of the trial court, and it does not appear that there was any abuse of discretion in denying it.

3. None of the exceptions to the rejection of testimony offered by defendant are substantial. The most plausible one is the exception to the exclusion of the question addressed to Thomas Moulton in cross-examination, viz.: "Whether, after the sale to the plaintiff, the business was carried on as before the sale, with nothing to indicate any change of ownership in the property claimed to have been sold?" But, as respects the safe, which is the subject of the present controversy, the evidence was uncontradicted that it never was the property of Thomas Moulton, or of Moulton & Co., but was, in the first instance, purchased and paid for by the plaintiff, and was his property, and not included in the sale referred to in the question. For this reason the question was practically immaterial.

4. The defendant's motion to dismiss was properly denied.

The action was brought against the defendant, as sheriff, for the taking of the safe upon an execution by the defendant's deputy. The evidence tended to show that, at the time of the taking proved, the plaintiff was in possession of the safe, through his clerk, (who, by the way, was not the execution debtor,) and the deputy was then and there informed that the safe belonged to the plaintiff. If this evidence was true, (as the court was authorized to believe,) it was not necessary for the plaintiff, under Gen. St. c. 66, § 137, to serve upon the sheriff or the deputy any affidavit of his ownership of the safe, as preliminary to the bringing of an action for the taking. *Barry* v. *McGrade*, 14 Minn. 163; *Butler* v. *White*, 25 Minn. 432.

5. Defendant's further ground for a new trial, to wit, "accident and surprise," was properly disregarded by the court below. If the supposed accident and surprise furnished the defendant with any claim for relief, it was for relief by way of permission to amend his answer. This relief was asked for, as we have before seen, and there is no reason to suppose that it was not properly denied. So far as the ground in question is concerned, the motion for a new trial is, in effect, a renewal of an application which has been once heard and disposed of.

Order affirmed.