J. G. SWART, Assignee, vs. J. W. THOMAS.

J. G. SWART, Assignee, vs. S. W. MORGAN.

July 7, 1879.

**Assignments for Creditors—Omission to file Inventory.**—Where an assignment is made and filed, under Laws 1876, c. 44, as amended by Laws 1877, c. 67, (Gen. St. 1878, c. 41, §§ 23–33,) the omission of the assignor to file an inventory within the time specified, does not defeat the proceedings initiated, nor avoid the trust created by the filing of the assignment, nor affect the title of the assignee. Distinguished from *Kingman* v. *Barton*, 24 Minn 295.

**Levy on Book-Accounts.**—Book-accounts cannot be levied upon by the officer merely taking the books in which they are entered into his custody. For the purpose of a levy, they stand just as debts of which there is no written evidence, and must be levied on in the same way.

In each of these cases, the plaintiff, as assignee of Shepard & Cummings, under a general assignment in trust for the benefit of creditors, sued the defendant, in a justice's court, to recover the value of goods sold and delivered to him by plaintiff's assignors. In each case, the defendant denied that plaintiff ever accepted the trust, or filed his bond, within the

time required by law, and alleged a levy on the debt in suit, under an execution against plaintiff's assignors. The plaintiff having obtained judgment in each case, the defendants appealed to the district court for Winona county, where, by stipulation, the actions were tried by *Mitchell, J.*, without a jury, who found the following facts in each case : Prior to September 19, 1878, Shepard & Cummings had sold and delivered to the defendant goods of the value stated in the complaint, which they had charged against the defendant in the usual form of such accounts in day-books and ledgers, and for which the defendant has not paid. On September 19, 1878, Shepard & Cummings made a general assignment, executed according to law, to the plaintiff, who was a resident and freeholder of the state, and who, at the same time, accepted the trust and joined in the execution of the assignment, as party of the second part. The assignment and acceptance were duly filed at 4.15 P. M. of the same day. The assignors failed to file an inventory within ten days thereafter, as required by Laws 1876, *c.* 44, § 2. (Gen. St. 1878, *c.* 41, § 24.) On October 23, 1878, the plaintiff took proceedings in the district court to compel the assignors to make and file an inventory, as a result of which an inventory was filed on January 2, 1879. On January 6, 1879, the plaintiff made and filed the proper bond.

On September 19, 1878, prior to the execution of the assignment, the sheriff of Winona county, by virtue of an execution against Shepard & Cummings, took possession of their books of account, containing the account against this defendant, but did not leave with the defendant in this action a certified copy of his execution, nor any notice specifying the property levied on, until after the filing of the assignment ; nor did he do any other act by way of levying on this account against the defendant, except taking possession of the books in which it was entered, till after the filing of the assignment.

As conclusions of law, the court found that the plaintiff's title under the assignment vested upon the filing of that

instrument with his acceptance of the trust, and that, at the time of such filing, no levy had been made upon the account in suit. Judgment was accordingly ordered and entered, in each case, for the plaintiff, and the defendants appealed.

*Lloyd Barber*, for appellant, in each case.

*Wilson & Gale* and *A. N. Bentley*, for respondent, in each case.

GILFILLAN, C. J. These cases differ essentially from that of *Kingman* v. *Barton*, 24 Minn. 295. In that case, the assignee failed to file his bond within the time prescribed by statute. The court held that the filing of a bond as required is in the nature of an acceptance of the trust, and an appearance in, and submission to the jurisdiction of, the court, for the purposes of the trust, by the assignee; and that his failure to file the bond, within the time prescribed, is equivalent to a refusal to accept the trust, and terminates whatever title vests in him by the filing of the assignment. It does not follow, however, that any other omission subsequent to the filing of the assignment, either on the part of the assignor or assignee, will terminate the proceedings. The proceeding is in the nature of a judicial proceeding. *Clark* v. *Stanton*, 24 Minn. 232. By the filing of the assignment the assignor initiates the proceeding, and submits himself and the property to the jurisdiction of the court for the purposes of the trust, (*Kingman* v. *Barton*,) and the court may do whatever may, after such filing, become necessary to the full execution of the trust. The failure of the assignor to do, after the trust is created by the filing of the assignment, any act which the statute requires him to do, such as to file an inventory, cannot have the effect to defeat the trust when once created. Under the amendment of the act of 1876, by Laws 1877, *c.* 67, (Gen. St. 1878, *c.* 41, § 25,) the assignee may file his bond, and so accept the trust and perfect his title at once, without waiting for the inventory to be filed. So that the filing of the inventory within the time prescribed, or the filing at all, is not essential to the perfecting of title in the assignee.

The creation of the trust by filing the assignment, and the acceptance of it by the assignee in the manner indicated, is sufficient.

The plaintiff's title to the assigned property is good, and he is entitled to recover, unless prevented by the alleged levy of execution upon the debts sued for in these actions. The debts were for goods sold and delivered by the assignors to the defendants. The assignors were merchants, and kept regular books of account in their business, in which the goods sold to defendants were charged in the usual manner. The only thing done by the sheriff to levy on these debts, as fairly appears from his certificate of levy, was to take the books of account into his possession, and this is claimed as a proper levy upon the debts appearing therein.

"Personal property capable of manual delivery shall be levied upon by the officer taking it into his custody." Gen. St. c. 66, § 271. When the property, by reason of its bulk or other cause, cannot be immediately removed, another mode of levying is provided. Id. §§ 272, 273. "Other personal property shall be levied on by leaving a certified copy of the execution, and a notice specifying the property levied on, with the person holding the same, or if a debt, with the debtor," etc. Id. § 274.

This latter is the mode of levying upon all debts, except those which pass by delivery of the instruments upon which they rest, such as promissory notes, bills of exchange, and negotiable bonds. A debt growing out of transactions entered in a merchant's books of account does not stand upon the same footing as these instruments. Such a debt would not pass by delivery of the book in which it is entered, nor is the possession of such book evidence of any right or title to the debt in the possessor. When verified in the manner provided by statute, it is evidence, to a certain extent, of the transactions entered in it. But the character of the debt, and the mode of transferring it, are not affected by entering the facts out of which the debt grows, in a book-account.

Except for convenience in proving them, such debts stand just as debts of which there is no written evidence, and they must be levied on in the same way.

Judgments affirmed.