WILLIAM L. PERKINS *vs.* B. F. ZARRACHER.

May 14, 1884.

**Assignment for Creditors — Indorsement and Record.**—The indorsement and record (of the assignment, inventory, and bond) provided for in section 31 of our assignment law, (Gen. St. 1878, *c.* 41,) are not essential to the validity of the assignment.

**Same—Time for filing Bond where no Inventory is filed.**—Where no inventory has been filed, and there has been no formal and express acceptance by the assignee before and independent of the filing of his bond, and before the expiration of 15 days from the date of the assignment, of the trust thereby created, the assignee must file his bond within said period of 15 days.

**Same—Where Inventory filed is imperfect.**—When the inventory fails to specify the value of the assignor's estate, the case may probably be regarded as one in which, as respects the duty of the assignee to file his bond, no inventory has been made; and if the assignee file his bond within 15 days from the date of the assignment, he is in time.

**Practice — Order of Trial in Suits against Sheriff.**—Where A claims property which has been taken by an officer upon process against B, and A brings an action for the taking, the proper course of trial is this: A first adduces evidence of his right to the property. Whereupon the officer, if he relies upon the fact, that, though the property may have been A's, it was in the possession of B or of his agent at the time of the taking, must adduce evidence to show that it was in such possession, under circumstances raising a *prima facie* presumption of ownership in B. In answer to this evidence of possession, A, if he relies upon an affidavit under the statute, or upon notice, must prove the same. He need not make this proof as a part of his case in chief.

Plaintiff brought this action in the district court for Polk county to recover the value of a quantity of wines, liquors and cigars, which he alleged were his property and had been taken from his possession and converted by defendant. The answer put in issue the title and possession of plaintiff, and alleged that at all the times mentioned in the complaint one Bissailon was the owner and in possession of the property, and that the defendant, as sheriff of Polk county, took the property from Bissailon's possession by virtue of a writ of attachment in a suit against him, and afterwards sold it under a writ of execution in the same action.

At the trial before *Stearns, J.,* it appeared that, at the time of the taking, (December 19, 1881,) the goods were in the possession of plaintiff, to whom they had been transferred by Bissailon by a general assignment for the benefit of creditors, bearing date and filed in the district court, December 17, 1881; that the inventory attached to the assignment was filed on December 21st, and that the plaintiff's bond as assignee, bearing date December 21st, was approved by the district judge December 26th, and filed with the clerk December 28th. It was admitted that no record or minute of the filing of the assignment, inventory or bond was made in any book kept by the clerk. The defendant objected to the admission of the assignment and in-

ventory·in evidence, as incompetent and irrelevant, and also objected to the admission of the bond on the same grounds, and because it was not filed within the time limited by statute after the filing of the inventory, and there having been (as was admitted) no written acceptance filed by the plaintiff of the trust attempted to be created by the assignment. The objections were overruled; and the defendant excepted.

It was admitted that no affidavit had been served on defendant as provided by Gen. St. 1878, *c.* 66, § 154, and there was a conflict of evidence as to whether the goods—which, at the date of the assignment and thereafter until the seizure, were in the custody of one Erricson—were held by him as agent of plaintiff or of Bissailon.

The jury found for plaintiff, a new trial was refused, and defendant appealed.

*Davis Brower*, for appellant, cited *Kingman* v. *Barton,* · 24 Minn. 295; *Swart* v. *Thomas*, 26 Minn. 141.

*Ives & Hatlestad*, for respondent.

BERRY, J. [1] 1. Section 31 of our assignment act (Gen. St. 1878, *c.* 41) enacts that the clerk of the court wherein any assignment, inventory, or bond made under such act shall be filed, shall forthwith indorse thereon the day, hour, and minute thereof, in a suitable book to be kept by him for that purpose. Though, for obvious reasons, it is highly desirable that the clerk should perform the duty of making the indorsement and record, they are not made essential to the validity of the assignment. On the contrary, under section 23, *filing alone* is sufficient, neither assignor nor assignee being responsible for the neglect of the clerk as respects the indorsement or record.

2. By section 24 the assignor is required, at the date of the assignment, or within 10 days thereafter, to make and file with the clerk a sworn "statement or inventory," containing an account of his creditors, his debts, etc., and also a full, true, and complete inventory of his estate, and of "the value of such estate and each item thereof," to his "best knowledge, information, and belief." By section 25, before the assignee shall have authority to dispose of the assigned prop-

[1] Dickinson, J., because of illness, took no part in this decision.

erty, "and not later than five days after the filing of the inventory," he shall execute a bond conditioned for the discharge of his duties, to be approved by the judge, "in an amount at least double the value of the estate assigned, as shown by such inventory, if made, or by the affidavit of the debtors, or one of them, if the bond be given before the inventory be made."

Our construction of these provisions of statute is this: It is the duty of the assignor to file the required inventory within not more than 10 days after the date of the assignment, and it is the duty of the assignee to file his bond within five days after the filing of the inventory. An *extreme* limit of 15 days is thus fixed for the filing of the bond in case an inventory is filed within the 10 days. But neither the validity of the assignment as creating a trust, or of the bond as evidencing an acceptance thereof, depends upon the filing of the inventory. *Swart* v. *Thomas,* 26 Minn. 141. On the contrary, by secion 24, the right to make an assignment, and, by section 25, the right to file a bond before an inventory has been filed, are expressly recognized. The time within which the bond may be filed in such case is not expressly fixed. It should therefore be done within a reasonable time. The statute, of course, contemplates that the business should be done regularly,—that is to say, in accordance with its directions; that the inventory should be filed within the 10 days, and the bond, at the outside, within the 15 days. The 15 days may then properly be regarded as the limit of the time which the statute has deemed reasonable for the purpose of having the assignee signify his acceptance of the trust by filing his bond. The necessity of a limit beyond which creditors shall not be kept in suspense is apparent.

Following the analogy and spirit of the statute, we are of opinion that the 15 days is a reasonable limit of the time within which the assignee should file his bond in case an inventory is not filed.

This view has of course reference to a case (like the present) where the acceptance of the trust is evidenced only by the filing of the bond, and not to a case like *Swart* v. *Thomas, supra,* where there was evidence of a formal and express acceptance of the trust before and independent of the filing of the bond, and before the expiration of the 15 days.

The application of these views to the case in hand is this: The purported inventory filed in this instance failed in many substantial particulars to conform to the statute; among other things, it failed to specify the value of the items of the assignor's estate, or of any one of them. This failure was of special importance to the assignee, for, if the values had been specified, it would have enabled him to fix the "amount" of his bond. As respects the duty of the assignee to file his bond, we are therefore of opinion that the case may properly be regarded as one in which an inventory had not been made, and that he was in time if (as in this instance) he filed his bond within the 15 days from the date of the assignment. It is proper to add here that the failure to file an inventory, or a proper inventory, may be remedied by compelling the assignor to file or correct, as the case may be. *Swart* v. *Thomas, supra.*

3. Where A claims property which has been taken by an officer upon process against B, and A brings an action for the taking, the proper course of trial is this: A first adduces evidence of his right to the property; thereupon the officer, if he relies upon the fact that, though the property may have been A's, it was in the possession of B or of his agent at the time of the taking, must adduce evidence to show that it was in such possession, under circumstances raising a *prima facie* presumption of ownership in B. *Barry* v. *McGrade,* 14 Minn. 126, (163.) In effect the court so instructed the jury, and properly. Evidence of simple unqualified possession would be evidence of the character spoken of. In answer to the evidence of possession, A, if he relies upon an affidavit under the statute or upon notice, must prove the same, unless, of course, they are admitted. He need not make this proof as a part of his case in chief.

4. There was evidence in the case reasonably tending to show that Erricson was in possession of the property as the agent of the assignee, and not as the agent of the assignor.

Order affirmed.