Freeman P. Strong, Assignee, *vs.* A. D. Brown, Sheriff.

July 19, 1889.

Assignee for Creditors—Acceptance of Trust—Powers before Filing Bond.—Under Gen. St. 1878, c. 41, § 25, an assignee for the benefit of creditors may formally accept the trust, and take possession of the assigned property, before the execution of his bond, but he cannot dispose of any part of it until the filing of such bond; and upon such acceptance he immediately becomes amenable to the jurisdiction of the court, and thereafter the parties and estate become subject to the supervision and control of the court; and the trust will not be permitted to fail for a subsequent omission of duty, but the court will require the proper security, or remove the assignee and appoint his successor, as the case may require.

Same—Failure to File Bond—Attachment.—After the proper acceptance of the trust by the assignee, the assigned property is not subject to attachment on account of his failure to file his bond within the statutory time.

Plaintiff, assignee for the benefit of creditors of David G. Miller and Albert E. Parsons, copartners as Miller & Parsons, brought this action in the district court for Lac qui Parle county, to recover $1,306 damages for the taking of the assigned property by the defendant, sheriff of the county, on July 6 and 7, 1888, by virtue of writs of attachment in actions against the assignors. The complaint shows that the assignment was made and filed May 11, 1888; that before it was filed the plaintiff, by writing indorsed thereon, signed by him, attested by two witnesses and acknowledged, accepted the trust; that a schedule of creditors and inventory of property was filed May 22d, and that plaintiff's bond as assignee, duly approved, was filed June 1, 1888. The plaintiff appeals from an order of *C. L. Brown,* J., (acting for the judge of the 12th district,) sustaining a demurrer to the complaint for failure to state a cause of action.

*Morphy & Gilbert,* for appellant.

*H. L. Hayden,* for respondent.

VANDERBURGH, J.   By the act regulating assignments for the benefit of creditors, as originally passed, (Laws 1876, *c.* 44, § 3,) it was provided that "before any such assignee or assignees shall have power to take possession of any such estate so assigned, or any part thereof, or shall have any authority to sell, dispose of, or convert to the purposes of the trust of any part of such estate, and within five days after the filing of the inventory, as provided in section 2 of this act, he or they shall execute and file with the clerk of the court where such assignment may be filed a good and sufficient bond," etc.   Under this section it was held in *Kingman* v. *Barton,* 24 Minn. 295, that the title of the assigned property did not pass to the assignee, so as to give the court jurisdiction over him and make the trust operative as to creditors, until the bond therein provided for was duly executed and filed, such bond being the final evidence of his acceptance and the condition precedent to the assumption of the trust by him.   By the act of February 14, 1877, (chapter 67,) however, the

v.41M.—20

section above referred to was amended so as to read as follows: "Before any such assignee or assignees shall have power or authority to sell, dispose of, or convert to the purposes of the trust any part of such estate, and not later than five days after the filing of the inventory, as provided for in section two of this act, he or they shall execute and file * * * a good and sufficient bond," etc. (Gen. St. 1878, c. 41, § 25.) The amendment is important and significant. Under the section as it originally stood, the assignee was not authorized to take possession or intermeddle in any way with the assigned property, or assume any of the duties of assignee, until the bond was filed which was necessary to vest the trust in him; and the assignment was held inoperative for any purpose if such bond was not filed within the statutory time. But under the amended statute it is clearly to be implied that the assignee may assume the trust before the filing of the bond, though not operative for all purposes; that is to say, he may signify his formal acceptance, and immediately take possession under the assignment, and thereby subject himself to the jurisdiction of the court; and thereafter, under section 6, the proceedings are all subject to the supervision and direction of the court. *Clark* v. *Stanton*, 24 Minn. 232, 241. If the assignee neglected subsequently to file his bond within a reasonable time, which this court, in *Perkins* v. *Zarracher*, 32 Minn. 71, 74, (19 N. W. Rep. 385,) held to be 15 days, under this section it would be a failure of duty on his part, for which he would be liable to be called to account on the application of any party interested in the estate. And in the exercise of its equitable supervision over the management of the trust, the assignee may, upon a proper showing, be removed, and another appointed. He may be required to give new or further security, and in proper cases may be proceeded against as for a contempt. After his acceptance, and before the filing of the bond, the trust is so far complete as to render him responsible to the court and for the possession and retention of the assigned property, which, for the time, he is forbidden to dispose of, and is held for the benefit of all the creditors, thus preserving their rights till the required security is given. This distinction is fully recognized in *Perkins* v. *Zarracher*, *supra*, in which it is held, under the amended statute, that there

may be a formal acceptance of the trust other than by filing a bond, which, if seasonably made, will be effectual to sustain the trust, which will not be permitted to fail through the subsequent default of the assignee. This construction is necessary in order to give effect to the statute, the declared purpose of which is "to protect the creditors of assignors, and to regulate the duties of assignees." Its aim is to secure an equal distribution of the debtor's property without preferences, and to place the estate and the assignee under the control of the court, so as to insure a faithful administration of the trust. But if, after the assignment is made, the estate is liable to become the prey of attaching creditors on the ground of subsequent errors and omissions of the assignee, the legislation must manifestly in great measure fail in its purpose. *Fuller* v. *Hasbrouck*, 46 Mich. 78, 81, (8 N. W. Rep. 697.) As a remedial statute the court will so favorably construe and harmonize its provisions as most effectually to carry out the intentions of the legislature in enacting it.

In the case at bar the record shows that the assignment was executed in due form, and upon the day of the execution and filing thereof the plaintiff, who is the assignee named therein, "being a resident and freeholder in the state, accepted the trust by a written indorsement thereon, signed by the plaintiff in the presence of two witnesses, and acknowledged by him before an officer authorized to take acknowledgments of deeds." The acceptance in such cases, relied on in place of that signified by the due execution of a bond, should undoubtedly be clear and unequivocal. It was so in this case; and there can be no question that the assignee thereby accepted the trust, and submitted himself to the jurisdiction of the court, so that the estate and both parties to the assignment thereupon became subject to the supervision and control of the court. The bond was not, it is true, filed within the time fixed by the statute. The assignment was executed on the 11th day of May, 1888, and his bond, which was duly approved, was filed on the 1st day of June, 1888. We think he was rightfully in possession of the assigned property when it was subsequently taken from him by the defendant under attachment proceedings. The seizure thereof by the defendant was wrongful. After the assignment was made in due form, and the trust accepted and assumed by the de-

fendant, the remedy of creditors was by application to the court, if there was any ground of complaint, and not by a seizure of the property in his possession in proceedings hostile to the assignment.

Order reversed.