GIANNONE *v.* FLEETWOOD & COMPANY.

93   491
102   258

1. The owner of the furniture in a barber-shop does not, by merely allowing the same to stay there for use and be used, hold it out as a basis for giving credit to the occupants of the shop, whether they be conducting business on their own account or for him and as his servants or employees.  Where they have made debts in their own transactions for which he is not liable, and have given their promissory notes therefor, a person purchasing these notes, or taking them as collateral security and afterwards obtaining judgment upon them, has no right to collect the judgment out of the furniture because he saw the furniture in the shop and their sign over the door before he purchased the notes or took them as collateral security, the inference in his own mind being that the furniture belonged to them but no representation to that effect having been made to him.

2. Where the sons of the claimant carried on business in a barbershop with a sign over the door bearing their name, in a controversy between the claimant and their creditor involving title to the furniture in the shop, the claimant contending that the furniture was his and that his sons were using it in his business and not their own, a charge of the court instructing the jury that transactions between father and son are to be closely scrutinized, was pertinent and correct.

3. Though a bill of sale to personalty is good without an attesting witness, yet where it has such witness it is not admissible in evidence as a muniment of title without proof by that witness of its execution, unless his non-production is accounted for.

January 8, 1894.

Levy and claim.   Before Judge BARTLETT.   Bibb superior court.   April term; 1893.

Two executions issued upon judgments of June 8, 1892, were levied on four barber chairs and other barbershop furniture, as the property of Giannone Brothers and Nelson Giannone.  The property was claimed by Joseph Giannone.  It was found subject, and his motion for a new trial was overruled.  The evidence for

plaintiffs showed, that at the time of the levy, June 20, 1892, the property was in the Brown House barber-shop on Fourth street, Macon, Ga. Over the door was the sign, "Giannone Brothers." Nelson Giannone was in the shop, in charge of the property and exercising acts of ownership over it. He pointed it out to the levying officer. Plaintiffs never sold Giannone Brothers anything, but sold goods to Johns & Company and took notes of Giannone Brothers, dated January 22, 1892, given to Johns & Company for rent, as collateral. Plaintiffs would not have sold goods to Johns & Company but for the collateral, and they believed Giannone Brothers owned the property. A member of the plaintiff firm testified, that he did not know that Giannone Brothers were ever in possession of the property; he saw the sign over the door, saw the furniture in the shop, and saw Giannone Brothers in there running it; it was upon the fact of the sign over the door and the possession of the property by defendants that credit was extended to Johns & Company upon the transfer of the notes; he did not have the property levied on as the same property he saw in possession of Giannone Brothers.

For claimant there was evidence: He bought the furniture levied upon from O. M. Grady, paying him part of the purchase money and giving a mortgage for the balance; has paid most of the money. The furniture levied upon is his property. There was a sign there, but he cannot read and does not know what the sign was. His son ran the barber-shop for him, but it was claimant's shop, and he had nothing to do with the sign. He is the father of defendants in execution.—Nelson Giannone testified: The property never belonged to Giannone Brothers. Grady bought it from Kendrick & Davis, was in possession about five or six months and sold to claimant. Since this latter sale witness ran the barber-shop

for his father. The sign was old, and they did not move it to save expense of making a new one. The property described in the mortgage from J. Giannone to O. M. Grady as being the Brown House furniture is the same property now levied on.—This mortgage was dated May 1st, 1892, recorded June 2d, 1892, covered the property in dispute, and was given to secure the payment of $800, recited therein to be for the purchase money of the property.

The motion for new trial alleges, among other grounds, that the court erred in charging as set forth in the opinion and in the second head-note; and that the court erred in rejecting from evidence, on the ground that its execution was not proved by the subscribing witness, the bill of sale from Kendrick & Davis to O. M. Grady, dated March 12, 1892, whereby, in consideration of $650 cash paid, they sold to Grady all the stock, fixtures, barber chairs, etc., the entire property bought from J. Giannone, " which is now in our possession and which is now located in the barber-shop on Fourth street known as the Kennesaw barber-shop and the Brown House barber-shop." This paper was offered as a circumstance to show claimant's good faith, and rebut plaintiff's contention that he permitted defendants in *fi. fa.* to use the property upon the faith of which to obtain credit.

L. D. MOORE, by brief, for plaintiff in error.
BLOUNT & GRACE, *contra.*

BLECKLEY, Chief Justice.

Under the evidence, it was error to charge the jury that, "If the claimant permitted the defendants to use the property as their own, hold themselves out as owners of the same, and they obtained credit upon the faith of it, then you could use that testimony to determine whether or not it was the property of the claimant or

the property of the defendants, and to determine whether or not the claim is one of good faith or one of bad faith." The claimant allowed the furniture to stay in the shop to be used, but if it belonged to him, this was not holding it out as the property of the occupants or as a basis for giving them credit, nor was it granting to them any permission express or implied so to hold it out. Moreover, there was no evidence that credit was extended to the occupants on the faith of this furniture. The occupants gave their notes to Johns & Co. for rent. The credit was therefore extended by Johns & Co., and the evidence is wholly silent as to what they relied upon as the basis of it. Fleetwood & Co. extended credit to Johns & Co., taking these notes as collateral. Fleetwood & Co. believed the makers of the notes owned the furniture, but so far as appears, they believed it only because a member of the firm saw the sign of the occupants over the door of the barber-shop, and saw chairs and furniture in the shop, and the occupants running it. He made the inference that the furniture belonged to them, but no representation to that effect from them or any one else appears to have been made. The court erred in instructing the jury as above recited, and in not granting a new trial because of that misdirection.

*Judgment reversed.*