MARION C. ARMSTRONG v. CHARLES A. FREIMUTH.

November 17, 1899.

Nos. 11,709—(125).

**Bill of Sale—Chattel Mortgage—Possession—Usury.**

The intervenor herein, the owner of a piano, executed to W. an instrument which was on its face an absolute bill of sale of the piano, who sold it to the plaintiff. Evidence considered, and *held*, that it sustains the finding and decision of the trial court to the effect that the bill of sale was in fact a chattel mortgage to secure the payment of a usurious loan, that the intervenor retained the possession of the piano, and that he, and not the plaintiff, is the owner thereof.

Action in the municipal court of Duluth to recover possession of a piano and piano stool or to recover $350 in case a return could not be had. D. Van Baalen filed a complaint in intervention, alleging ownership of the property. The case was tried before Gearhart, special judge, who found in favor of the intervenor; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Thos. S. Wood* and *Baldwin & Baldwin,* for appellant.
*White & McKeon,* for respondent.

START, C. J.

Action of replevin, the subject-matter of which is a piano and stool, which it is conceded were on July 9, 1898, the property of Van Baalen, the intervenor and respondent herein, and in his possession at his home, 218 Fourteenth avenue E., in the city of Duluth. The action was originally against the defendant, Freimuth, alone. The complaint alleged that the plaintiff was the owner and entitled to the possession of the property, but that the same was unlawfully detained from her by the defendant. The answer of the defendant denied the allegations of the complaint, and alleged that the respondent, Van Baalen, was the owner of the property. Thereupon the latter filed his complaint of intervention, alleging that he was, and had been for the past ten years, the owner of the property, and in possession thereof.

The facts found by the trial court were substantially these: On

July 9, 1898, Mary M. Wellington loaned to the intervenor, Van Baalen, $125, upon the usurious agreement that he should repay the principal in 30 days, with $10 for the use thereof for that time. As security for the payment of such loan, Van Baalen then executed to Mary M. Wellington a bill of sale, in form, of the piano and stool in question, but which was in fact a chattel mortgage. The bill of sale was filed in the office of the clerk of the city of Duluth. Afterwards, and on February 25, 1899, Mary M. Wellington executed a bill of sale of the piano and stool to the plaintiff, Marion C. Armstrong. The defendant, Freimuth, never had possession of the piano and stool, or any right thereto, but the intervenor, Van Baalen, during all of the time herein mentioned was in the actual possession and control thereof.

The trial court, upon these facts, found, as conclusions of law, that the chattel mortgage was void, that the plaintiff was not the owner of the property, but that the intervenor was the absolute owner thereof, and directed judgment accordingly. The plaintiff appealed from an order denying her motion for a new trial.

1. The plaintiff claims that the finding of the trial court that the instrument executed by Van Baalen to Wellington, although in form a bill of sale of the property in question, was in fact a chattel mortgage to secure a usurious loan, is not supported by the evidence. The only witnesses having any knowledge of the transaction were Van Baalen and the agent of Mary M. Wellington, her husband. Their testimony was in direct conflict. The former gave testimony which, if credible, was ample to sustain the finding. The court necessarily found it true, and its finding cannot be disturbed by this court.

2. The main contention, however, of the plaintiff, is that the intervenor is estopped, as against her, to show that the bill of sale was a chattel mortgage to secure a usurious loan.

The rule is that if the owner of tangible personal property invests another with the indicia of an absolute title thereto, and the latter, while the property is in his actual possession, sells it to a third party, who, in good faith, without notice of any rights or equities of the real owner, pays a valuable consideration therefor, relying upon such possession and indicia of title, the owner is estopped from

asserting his claim thereto as against such purchaser. Bigelow, Est. 560; Warder, Bushnell & Glessner Co. v. Rublee, 42 Minn. 23, 43 N. W. 569; Baker v. Taylor, 54 Minn. 71, 55 N. W. 823.

The intervenor in this case having shown the actual character of the bill of sale, and his right to the property therein described as against Wellington, it was necessary for the plaintiff, in order to bring her case within the rule stated, to establish, not only that her vendor was in the actual possession of the piano at the time she purchased it, but also that she was a purchaser for value, in good faith, without notice. As to the first requisite, the trial court found that the property was, at all times after the making of the bill of sale, in the actual possession and control of the intervenor; and, as to the second, the court made no finding, nor was it requested so to do. It necessarily follows that, if the finding as to the possession is sustained by the evidence, the conclusion of the court that the plaintiff was not, but that the intervenor was, the owner of the property, is correct. But, if the finding is not sustained by the evidence, the conclusion of the court is still correct, unless the evidence is such as to require, as a matter of law, a finding that she purchased the property in good faith, for value, without notice of the intervenor's rights.

Counsel for plaintiff insist that the finding of the court as to possession is not sustained by the evidence, and that it conclusively establishes the good faith of the plaintiff. The documentary evidence relied on to support plaintiff's contention is: An absolute bill of sale, containing a covenant of warranty of title of the piano, from the intervenor and owner to Wellington; the intervenor's receipt, stating that he had received of Mary M. Wellington $125 in full for the piano and stool, and that "possession is hereby given to said Mary M. Wellington;" a receipt from the defendant, Freimuth, to Mary M. Wellington, acknowledging that he had received the property from her, and agreeing to return it on demand; a bill of sale of the property, and a receipt for the purchase money, from Wellington to the plaintiff. The evidence is undisputed that Van Baalen and Freimuth, with their respective wives, who were mother and daughter, lived together as one family in the house in the city of Duluth mentioned in the bill of sale at the time the transactions

in question took place, and that the former owned the piano, and had it in his actual possession in the house occupied by him, when the bill of sale was made; and, further, that it remained in his actual possession thereafter as before, unless the giving of the receipts changed the possession from him to Freimuth. There is no claim that the piano was ever moved until it was taken away by the officer by virtue of process issued herein. The testimony of Van Baalen shows that he learned of the making of the receipt by Freimuth some time after it was made, and that some arrangement was made with Wellington whereby Freimuth was to pay $4 a month rent for the use of the piano. His testimony on this point was substantially this:

"Mr. Wellington wanted some money paid on the piano as interest and part of the principal, and said that he was going to get the interest, or take the piano out of the house. I said I would not like to have him do that. So it was finally agreed between Mr. Wellington and me that we should meet with Mr. Freimuth at the St. Louis Hotel, and we did so meet; and it was agreed that I should pay $10 for the use of the money up to that time, and Mr. Freimuth was then to pay $4 a month for the use of it until I paid up the original loan. The piano was to remain there in Mr. Freimuth's house, and Mr. Freimuth was to pay $4 a month. Q. Why was Mr. Freimuth to pay $4 a month? A. Because the piano was to remain in the house, he was to pay $4 a month for the use of it until I paid up the loan. * * * It was understood that Mr. Wellington had rented it to Mr. Freimuth, and would take $4 a month from him, but that was only on condition that I paid him back $10 that he claimed was due for the use of the money up to that time."

The testimony of Freimuth (the defendant, who gave the bond to secure a return of the piano to him) was practically to the same effect.

We are of the opinion that the evidence justified the trial court's conclusion that the intervenor never delivered possession of the piano to Wellington, except on paper, as a part of the scheme to secure the payment of the usurious loan, and that the evidence sustains the finding as to the intervenor's possession. We are also of the opinion that the evidence on the question whether the plaintiff was a bona fide purchaser of the property without notice was not

such as to require, as a matter of law, a finding on the question in her favor.

· Order affirmed.