## JACOB KIEWEL v. E. S. TANNER.[1]

July 3, 1908.

Nos. 15,624—(138).

**Execution—Affidavit of Ownership.**

The object of the statute (R. L. 1905, § 4213) requiring the service of an affidavit of ownership where property of a third person is levied upon while in the possession of the execution debtor is the protection of the officer and to enable him to obtain proper indemnity before proceeding with the sale; and it applies only where the possession of the execution debtor is such as to create a presumption of ownership in him.

**Evidence.**

Evidence on the subject of the possession of the execution debtor in this case considered, and *held* not to bring the case within the contemplation of the statute.

**Estoppel of Owner—Possession of Another.**

In order that the real owner of personal property may be estopped from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership, something more than mere possession and control is necessary to be shown. To work an estoppel in such case the possession of the third person must be of such a character, or he be so clothed with the indicia of title, as to deceive those dealing with him in the belief of his ownership.

**Same.**

The facts shown in the evidence in the case at bar *held* not to estop plaintiff from asserting his title to property leased to a third person, which had been levied upon under an attachment against the latter. Olson v. Swensen, 53 Minn. 516, distinguished.

Action in the district court for Morrison county to recover possession of certain property levied upon by the sheriff or $225, the value thereof. The case was tried before Taylor, J., who directed a verdict in favor of plaintiff. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Arthur P. Blanchard,* for appellant.

*F. W. Lyon,* for respondent.

[1] Reported in 117 N. W. 231.

BROWN, J.

Action in claim and delivery for certain personal property levied upon by defendant as sheriff under and by virtue of an execution against one Rocheleau. A verdict was directed on the trial for plaintiff, and defendant appealed from an order denying a new trial.

The property consists of one cash register, an iron safe, and a pool table, for some time prior to the levy by the sheriff used by Rocheleau in his saloon at Little Falls. It appears that plaintiff became the owner of the property, together with other property connected with the operation of the saloon, some time in the year 1902. At about that time he leased the same, and all the property in the saloon of which he was then the owner, to the firm of Rocheleau Bros., brothers of the Rocheleau against whom the attachment presently to be mentioned was issued. Rocheleau Bros. continued the operation of the saloon for six or eight months, when Joe Rocheleau, the attachment debtor, became a member of the firm. He subsequently became sole proprietor, and retained possession of all the saloon fixtures, including the property here in question, under a lease from plaintiff, who was as already mentioned, the sole owner. The saloon license was taken out in the name of Rocheleau, and was so of record at the time of the attachment. During the time of his proprietorship, one Le Blanc was in his employ in the capacity of bartender. In November, 1905, Geo. Benz & Sons brought an action against Rocheleau to recover upon an indebtedness due from him, in which an attachment was issued and delivered to defendant's deputy for service, under which the property in question was levied upon and seized. Judgment was recovered in that action some time in March, 1906, upon which execution was issued, and a formal levy made.

Plaintiff thereafter brought this action to recover the same. It was not rebonded by defendant, and was in due course of procedure delivered to plaintiff. About two weeks prior to the levy under the writ of attachment, Rocheleau made a transfer of all his interests in the saloon, including his leasehold right to this property, to his bartender, Le Blanc, and the latter thereafter assumed charge and control of the place as proprietor. The question whether this transaction was a sham and fraud to defeat the creditors of Rocheleau is not important. The evidence shows that a transfer was in fact made, and that Le Blanc

thereafter and up to the time of the attachment assumed the proprietorship and control of the business, and he informed the officer thereof when the attachment process was served. No affidavit of ownership and demand for the property was made or served by plaintiff upon defendant, as provided by R. L. 1905, § 4213.

1. It is contended that, conceding plaintiff's ownership of the property, he cannot recover for the reason that he failed to make and serve the affidavit and claim of ownership just mentioned, and that the court therefore erred in directing a verdict in his favor. A full consideration of this question, in the light of the evidence and the previous decisions of this court, leads to the conclusion that the trial court correctly disposed of it. The object of the statute in requiring the service of the affidavit and demand is solely for the protection of the officer and to enable him, before proceeding to a sale of property under a levy, to obtain proper indemnity from the execution creditor; and the statute applies only in those cases where the property levied upon was at the time thereof in the possession of the debtor under circumstances sufficient to create a presumption of ownership in him. Dodge v. Chandler, 9 Minn. 87 (97); Barry v. McGrade, 14 Minn. 126 (163); Tyler v. Hanscom, 28 Minn. 1, 8 N. W. 825; Perkins v. Zarracher, 32 Minn. 71, 19 N. W. 385; Butler v. White, 25 Minn. 432; Moulton v. Thompson, 26 Minn. 120, 1 N. W. 836.

The evidence in the record before us does not show a possession in Rocheleau, the attachment debtor, of that character, or, in fact, any possession at all, except by inference. While it affirmatively appears, a fact about which there is no controversy, that for a year or more preceding the date of the transfer to Le Blanc Rocheleau was the owner of the establishment and in its actual possession and control, he never owned this particular property, but held it under a lease from plaintiff, the true owner. If that possession and control had continued down to the time of the attachment, it is probable that Rocheleau's apparent ownership would have been such as to require of plaintiff the service of the statutory demand. But the evidence is practically conclusive, as we understand it, that this condition did not in fact so continue. Two weeks prior to the levy Rocheleau transferred all his rights in the saloon, including his leasehold interest in the property in question, to Le Blanc, and the latter immediately took control

and was in the actual possession, and asserted his ownership and right, when the sheriff came to make the attachment. We find no evidence that after this transfer, which was with the concurrence of plaintiff, Rocheleau exercised any right of ownership, or assumed to act as proprietor of the saloon. He was present in one of the card rooms at the time the levy was made; but no particularly significant circumstances were present to indicate that he was still the owner and proprietor of the business, save that the signs on the outer windows had not been removed. He took no interest in the levy by the sheriff; but, on the contrary, the evidence shows, after the papers were served upon him, he left the place.

The principal item of evidence tending to indicate possession or control by him was his prior ownership; but that was in fact terminated two weeks before. It is not controlling that the sale to Le Blanc may have been for the purpose of defrauding creditors. Having been entered into, the transfer was valid between the parties, vested title in Le Blanc, and the law would afford Rocheleau no remedy or assistance in an effort to regain the property, if in fact the sale was fraudulent. It is, necessarily, the fact of possession by the execution or attachment debtor, under circumstances creating a presumption of ownership, which justifies the sheriff in proceeding with his levy, and in such a case only can he insist that an affidavit and demand be made.

While the case is somewhat similar to Wood v. Matter, 88 Minn. 123, 92 N. W. 523, it is clearly distinguishable. It affirmatively appeared in that case that the execution debtor, though he had made a sale of the property levied upon, was in apparent possession as owner at the time, and it was held that the question whether an affidavit and demand was necessary was properly submitted to the jury. In the case at bar, as we have pointed out, the evidence does not show possession in the attachment debtor, except by inference based upon his prior ownership. This distinguishes the two cases. The evidence brings the case more nearly within the facts shown in Moulton v. Thompson, supra, where the court said: "The evidence tended to show that, at the time of the taking proved, the plaintiff was in possession of the safe, through his clerk, (who, by the way, was not the execution debtor,) and the deputy was then and there informed that the safe belonged to the plaintiff. If this evidence was true, (as the court was au-

thorized to believe,) it was not necessary for the plaintiff, under G. S. c. 66, § 137, to serve upon the sheriff or the deputy any affidavit of his ownership of the safe, as preliminary to the bringing of an action for the taking."

2. It is also contended (1) that the act of plaintiff in clothing Rocheleau with the apparent ownership of the property estops him from asserting his title as against creditors; and (2) that by reason of the silence of plaintiff's agent when Le Blanc stated to the officer, before the levy was made, that he (Le Blanc) had bought and owned the property and fixtures, the sheriff was misled and deprived of the right to demand an indemnity bond from the attachment debtor, and therefore plaintiff cannot now assert his title.

The second contention is not sustained by the evidence. The original attachment of the property was not made by defendant, the sheriff, but by Ferrell, his deputy; and it appears without dispute that during the time the levy was being made the deputy was informed of plaintiff's claim of ownership of this particular property. Plaintiff's agent, his son, and also his attorney, who were present at the time, so stated to Ferrell, and the latter did not deny the fact when on the stand as a witness. Of course, defendant, the sheriff, is bound by the information thus communicated to his deputy, in charge of the writ and who served it, and the effect thereof is not overcome by the subsequent conversation had between plaintiff's attorney and the sheriff himself.

Nor are we able to concur in the first contention, viz., that plaintiff so clothed Rocheleau with the apparent ownership of the property as to now estop him from asserting his title as against the latter's creditors. In order that the real owner of personal property may be estopped from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership, something more than mere possession and control is necessary to be shown. To work an estoppel in such a case, the possession of the third person must be of such a character, or he be so clothed with the indicia of title, as to deceive those dealing with him in the belief of his ownership. 16 Cyc. 776; Greene v. Dockendorf, 13 Minn. 66 (70); Warder, Bushnell & Glessner Co. v. Rublee, 42 Minn. 23, 43 N. W. 569; Baker v. Taylor, 54 Minn. 71, 55 N. W. 823; Beebe v. Wilkinson, 30 Minn. 548, 16 N. W. 450; Armstrong v. Freimuth, 78 Minn. 94, 80 N. W.

862; Giannone v. Fleetwood, 93 Ga. 491, 21 S. E. 76; Schoolcraft v. Simpson, 123 Mich. 215, 81 N. W. 1076; Everson v. Sinclair, 110 Iowa, 135, 81 N. W. 187.

The facts of this case do not bring it within this rule. Plaintiff was the unquestioned owner of the property, and had leased it to Rocheleau to be used in connection with his saloon business. The latter had so used it, but, so far as disclosed by the record, never made any affirmative claim of ownership; nor had he mortgaged the same, or attempted in any manner to sell or dispose of it. While the name "Rocheleau Bros." appeared on the face of the safe, and the same name ornamented the front windows of the building in which the saloon was conducted, we find no evidence that the attachment creditor, Geo. Benz & Sons, had dealt with him in reliance on his apparent ownership of this particular property. Nor does the record furnish any suggestion that the parties intended to clothe Rocheleau with the apparent or ostensible ownership of the property for the purpose of enhancing his credit or to enable him to buy goods upon time. The case does not, therefore, come within the rule of Olson v. Swensen, 53 Minn. 516, 55 N. W. 596.

Other assignments of error have been considered, with the result that no reversible error is shown.

Affirmed.