# THOMAS HAYES v. MIDLAND CREDIT COMPANY.[1]

February 17, 1928.

No. 26,472.

**Assignment of real estate mortgage.**
   1.   The transfer of a promissory note operates as an equitable assignment of a real estate mortgage securing the same.

**Forged indorsement of note conveys no title.**
   2.   No title is acquired to a promissory note transferred by a forged indorsement.

**Valid indorsement of note necessary to constitute a holder in due course.**
   3.   A person who acquires a promissory note without a valid indorsement cannot be a holder in due course.

**Loan of commercial paper may be limited to specific use.**
   4.   A person who loans commercial paper for the accommodation of another may limit the use to be made thereof, unless it passes to a holder in due course.

**What creates estoppel against owner's asserting title to his personal property.**
   5.   Before an owner of personal property may be estopped from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership, something more than mere possession and control is necessary. The possession of the third person must be of such character as to deceive those dealing with him in the belief of his ownership.

Bills and Notes, 8 C. J. p. 279 n. 45; p. 336 n. 73; p. 473 n. 90.
Estoppel, 21 C. J. p. 1178 n. 17.
Mortgages, 41 C. J. p. 672 n. 79; p. 673 n. 85.

See 19 R. C. L. 347; 3 R. C. L. Supp. 932; 4 R. C. L. Supp. 1267; 6 R. C. L. Supp. 1114.

[1]Reported in 218 N. W. 106.

Defendant appealed from an order of the district court for Scott county, Tifft, J. denying its alternative motion for judgment or a new trial. Affirmed.

*Christofferson & Christofferson,* for appellant.

*J. J. Moriarty* and *Odell & Fahey,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying its motion for judgment non obstante or a new trial.

Plaintiff owned a $9,000 promissory note and other notes given by Oscar Erickson, all of which were secured by a $12,000 real estate mortgage. He left the notes and mortgage for safekeeping with the State Bank of Savage of which E. C. Henkel was cashier. On November 10, 1921, plaintiff executed an assignment, which he claims was procured by fraud, transferring the mortgage and the $9,000 note secured thereby to Henkel. Two days later Henkel delivered the note and mortgage together with an assignment of the mortgage to the Peoples Bank of St. Paul as collateral to his personal note for $3,500. The $9,000 note then purported to bear plaintiff's indorsement without recourse. On December 31, 1921, the Peoples Bank sold its assets, including Henkel's note and the collateral thereto, to the Central Metropolitan Bank of St. Paul. This bank on September 7, 1922, demanded payment of Henkel, who then gave his note for $4,000 to the Midland Trust & Savings Bank (name now changed to Midland Credit Company, defendant herein), to which the Central Metropolitan Bank delivered the collateral upon receiving its money.

This is an action to replevin the note.

Plaintiff's contention, as we understand it, is that he agreed to loan the mortgage, but none of the notes secured thereby, to Henkel to be used by him as collateral for a loan from the Peoples Bank of St. Paul for $3,500. He was given the following receipt therefor:

"This to certify that Thomas Hayes has loaned me the Oscar Erickson mortgage of $12,000.00 covering 80 acres of land in Glendale Township, for the purpose of obtaining a loan at the Peoples

Bank of St. Paul, for $3,500.00, and it is mutually agreed and understood that in case I, E. C. Henkel, should die before this loan is paid, and mortgage turned back to Thomas Hayes, balance of unpaid note at said bank is to be paid from my estate, and mortgage turned back. I furthermore authorize and request that my administrator see that it is properly done.

"E. C. Henkel."

Plaintiff says his signature to the assignment of the mortgage was procured by a representation that he was required to sign a copy of the receipt and that he never knew that he signed an assignment. He says he did not indorse the note and never delivered it to Henkel, who says plaintiff executed the assignment knowingly and indorsed and delivered the note. The purpose for which Henkel wished collateral is not in controversy.

The issue is very narrow. No one claims that Henkel by virtue of the assignment had anything more than an assignment for a special purpose, namely, to be used to secure a $3,500 loan from the Peoples Bank. We may assume that the Central Metropolitan Bank succeeded to the rights of the Peoples Bank. But how did the defendant acquire any title to the note?

1. A real estate mortgage is but an incident to the debt which it secures and has no separate or independent existence as a contract. 4 Dunnell, Minn. Dig. (2 ed.) §§ 6148, 6276. Being such, the novel and unusual plan to which plaintiff claims to have assented was perhaps a nullity and no effect could be given an assignment of the mortgage exclusive of the debt secured thereby which was evidenced by the note. 19 R. C. L. 346, § 119 (4). A legal assignment of a mortgage must be in writing. 4 Dunnell, Minn. Dig. (2 ed.) § 6280. Where a note secured by a mortgage is indorsed and transferred to a purchaser without a formal assignment of the mortgage, the security follows the note as an incident thereof. Such transfer of the note operates as an equitable assignment of the mortgage. 4 Dunnell, Minn. Dig. (2 ed.) § 6276; 41 C. J. 672, § 685; 19 R. C. L. 347, § 120.

2. In the instant case the jury has decided that the indorsement on the back of the note was a forgery. It therefore follows that the

note was not transferred. G. S. 1923, § 7066. Unquestionably defendant relied on the forged indorsement. There was nothing else upon which it could have relied. It did not acquire the usual assignment of the mortgage. The indorsement having failed, it has nothing upon which to rest its claim of title.

3. Defendant has possession of the note which under some circumstances might be sufficient to base the claim of ownership or right to possession. But here it holds the note without a valid indorsement and hence cannot be a holder in due course. G. S. 1923, § 7092.

4. However there is another very serious difficulty with defendant's position. Granting for the sake of this discussion that Henkel had the claimed arrangement with plaintiff, he had the special contractual right to use the collateral in a way limited and restricted both as to amount and place. The defendant made a loan to Henkel for $4,000 upon his collateral. Henkel had no authority to use the collateral for a loan in excess of $3,500. Nor did he have any right to use it with defendant for any amount. Plaintiff was loaning his property for the accommodation of Henkel. The transaction was without consideration. Under such circumstances the accommodating party may limit the use to be made of the accommodation paper to a specific purpose unless it passes to a holder in due course. Grisim v. Live Stock State Bank, 167 Minn. 93, 208 N. W. 805. Defendant did not buy the note held by the Peoples Bank and its successor. Henkel, without authority, wrongfully attempted to use plaintiff's property and borrowed from defendant money with which he paid the authorized loan originally made with the Peoples Bank. That terminated the use for which plaintiff's property was borrowed even upon Henkel's version of the transaction. Defendant did not therefore acquire title to the note.

5. Defendant asserts that plaintiff, under the facts in this case, should be estopped from asserting title as against it. In order that the real owner of personal property may be estopped from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership, something more than mere possession and control is necessary to be shown. The possession

of the third person must be of such character as to deceive those dealing with him in the belief of his ownership Kiewel v. Tanner, 105 Minn. 50, 117 N. W. 231, 25 L.R.A.(N.S.) 772; Olsen v. G. N. Ry. Co. 139 Minn. 316, 166 N. W. 331; Cardozo v. Fawcett, 158 Minn. 57, 196 N. W. 809. The doctrine of estoppel must rest on the plaintiff's conduct, not upon the conduct of Henkel. Plaintiff never delivered the promissory note here in question to Henkel. From the finding that the indorsement was a forgery it is fair to conclude that the note was taken from the bank wrongfully and without authority. There is no determination of the question as to whether plaintiff knowingly executed and delivered the written assignment of the mortgage or whether he in fact executed it under the representation and belief that he was signing a copy of the receipt. If the latter, it could not be the basis for the doctrine of estoppel. If the former it is sufficient to note that defendant did not rely upon the assignment which could not in law transfer title to the note to it but that it did rely upon the forged indorsement. The doctrine of estoppel is without application. Nor can defendant, largely for the same reasons, have relief under Cochran v. Stewart, 21 Minn. 435, which has little application where the note was not delivered by plaintiff to Henkel.

Affirmed.