RED WING RUBBER MANUFACTURING COMPANY v.
C. F. HJERMSTAD.
AUGUST J. BECKER, INTERVENER.[1]

February 21, 1929.

No. 27,015.

*Albert Mohn* and *A. J. Rockne,* for appellant.

*Thomas Mohn* and *Horace W. Mohn,* for respondent and intervener.

WILSON, C. J.

Plaintiff appealed from an order denying its motion for a new trial.

In March, 1921, intervener was elected a director of the Sponge Tire & Rubber Company. At the close of a directors meeting on about March 16, 1921, and after the board members with one exception had departed, negotiations were had between two stock salesmen of the corporation and the intervener resulting in his executing a $3,000 promissory note payable to the order of himself and indorsed by him in blank. He delivered it to the salesmen. They delivered it to the secretary of the corporation.

The name of the corporation was changed to the Goodhue Tire & Rubber Manufacturing Company, which fell into the hands of a receiver who sold all its assets to plaintiff.

[1]Reported in 223 N. W. 682.

The note had become a subject of controversy. Intervener had learned that the note had been used by the corporation at a local bank as collateral. He claimed this was contrary to agreement, and he asked for the return of the note. Apparently the board passed a resolution to surrender the note, but for definite reasons no record was made of it.

Defendant was treasurer of the Sponge Tire & Rubber Company, and when the board decided to surrender the note he concluded, under the advice of counsel, to hold the note in his possession until its disposition was directed by judicial action. Plaintiff, claiming to have acquired title to the note as one of the assets above mentioned, brought this action to recover the amount of the note. Intervener seeks its possession and its cancelation.

Intervener owned only $2,000 worth of stock of the corporation, and plaintiff contends that the note was given for 30 shares of additional stock which it says intervener was required to own under the rules of the corporation before he could be a director. A certificate for such stock was prepared in his name but remained in the stock book at the trial.

On the contrary intervener testified that the two stock salesmen procured the note from him solely for the purpose of filing it with the securities commission of Wisconsin as security in order to get permission to sell stock in that state. He states that they represented that this was necessary; that the other directors had or would execute notes for that purpose; and relying upon such representations he executed and delivered the note in its special form solely as an accommodation for such purpose only and without consideration. He claims no knowledge of the necessity of his owning $5,000 worth of stock to qualify as a director and that he knew nothing of the preparation of the undelivered certificate.

There are circumstances that tend to corroborate each claim. The court found the facts to be as contended by intervener, and the record furnishes abundant evidence to support the findings. The note being accommodation paper, the intervener had a right to limit the use thereof as he did in the absence of the plaintiff's being

the holder in due course. Grisim v. Live Stock State Bank, 167 Minn. 93, 208 N. W. 805; Hayes v. Midland Credit Co. 173 Minn. 554, 218 N. W. 106.

Affirmed.