## MARK D. FLOWER *vs.* W. D. CORNISH.

### February 28, 1879.

**Fraudulent Conveyance good as against Assignee for Benefit of Creditors.—** The right to impeach or set aside a mortgage which is fraudulent and void as against the creditors of the mortgagor, does not pass to an assignee of the mortgagor, by a voluntary general assignment in trust for the benefit of creditors, subsequently executed, and unaffected by any statute in force at the time.

On November 5, 1874, one F. A. Taylor, a retail bookseller, made a chattel mortgage of his stock of goods to the plaintiff and one Hawkins, to secure certain promissory notes. On February 15, 1875, Taylor made a general assignment, for the benefit of his creditors, to the defendant, who took possession of the stock, which had remained in Taylor's possession ever since the giving of the mortgage. This action was brought in the district court for Ramsey county, to establish the claim of plaintiff, as owner of the mortgage and the mortgage debt, to the proceeds of a portion of the mortgaged property, which had been sold by order of the court. The defendant claimed that the mortgage was fraudulent as against Taylor's creditors, and that he is therefore entitled, as such assignee, to the proceeds of the mortgaged property. A jury was waived, and the action was tried before *Simons,* J., who ordered judgment for plaintiff, on November 24, 1876. A new trial was denied, and the defendant appealed.

*H. L. Williams* and *W. D. Cornish,* for appellant.

*E. C. Palmer,* for respondent.

CORNELL, J. The rights of the defendant in respect to the property in controversy are those of a voluntary assignee, holding under a written general assignment in trust for the benefit of creditors, unaffected by any statute in force at the time of its execution. None of the rights which he has thus acquired can be enlarged, abridged or altered by any subsequent legislation, for, under the constitution, no one can

be deprived of property or any interest therein, except by "due process of law." So far, therefore, as any question here is concerned, the act of March 2, 1877, (Laws 1877, c. 142; Gen. St. 1878, c. 41, § 27,) cited by defendant, has no application, for the assignment under which he holds was made on February 15, 1875, and the rights of the assignee thereunder, whatever they were, had become vested and fixed, and even adjudicated in the district court, long before that statute was passed.

Respecting these rights, they were such, and such only, as the instrument of assignment purported to transfer, and as the assignor had the legal capacity to pass to his assignee. He could transfer no other or greater interest in any property than what he himself possessed, and had the right to enforce. His assignee could acquire no other. His title being solely a derivative one under the assignment, he can assert and enforce no claim or right thereunder which his assignor could not legally have enforced, had no assignment been made. The mortgage to plaintiff from Taylor, the enforcement of which, by the former, it is the purpose of the defendant in this action, as the assignee of Taylor, to prevent, was executed and delivered long prior to the execution of the assignment under which the defendant claims. It was undoubtedly good as between the parties thereto, and created a valid lien upon the property in question, which plaintiff could lawfully have enforced against Taylor. Whether it was made for a fraudulent purpose that rendered it inoperative and void as against the creditors of Taylor, is a circumstance of no importance in this case, for they alone can question its validity on that ground. They have this right, not as beneficiaries under the assignment, or by virtue of any of its provisions, but as the creditors of Taylor, without any reference to the assignment, and wholly independent of it.

Taylor could not assert this right, nor transfer it to his assignee, as he could not transfer what he did not have; nor can his assignee set up any such claim in behalf of the cred-

itors, as a trustee holding property for their benefit, and, therefore, a representative of their interests. His relations to the creditors are solely those created by the instrument of assignment under which he holds. He only represents them in respect to their rights and interests under the assignment, and not as to those rights belonging to them independent of its provisions. In the views of the court below upon this point, as expressed in its opinion accompanying the order denying a new trial, we entirely concur as being correct in principle, and fully sustained by the authorities cited. Burrill on Assignments (2d ed.) 358; *Brownell* v. *Curtis*, 10 Paige, 210; *Leach* v. *Kelsey*, 7 Barb. 466; *Browning* v. *Hart*, 6 Barb. 91; *Anderson* v. *Roberts*, 18 John. 513; *Estabrook* v. *Messersmith*, 18 Wis. 545.

In respect to the defendant's claim of set-off, it is sufficiently answered in the opinion of the district court, "that the plaintiff is seeking in this action to recover only the proceeds of the mortgaged property, and, after deducting the full amount due upon the Huntington notes, the amount of those proceeds is still insufficient to pay the residue of his claim."

The motion for a new trial was properly denied, and the order appealed from is affirmed.