WILLIAM J. DYER and another *vs.* JOHN C. THORSTAD, Sheriff.

October 1, 1886.

**Conditional Sale—Filing of Contract—Creditors with Notice.**—The statute (Gen. St. 1878, c. 39, §§ 15, 16, amended in 1883) providing for the filing of contracts, which, by their terms, preserve in the vendor the title of property sold conditionally, is not operative to avoid such contracts, although not filed as prescribed, as to creditors of the vendee having actual notice of the state of the title at the time when a levy is made upon the property in behalf of such creditors.

Appeal by plaintiffs (late partners as Dyer & Howard) from an order of the district court for Douglas county, *Baxter*, J., presiding, refusing a new trial after verdict for defendant.   The case is stated in the opinion.

*M. R. Tyler*, for appellants.

*Nelson, Reynolds & Treat*, for respondent.

The statute avoiding such contracts unless filed is identical in terms with the statutes of Michigan, Ohio, New Jersey, and New York, and substantially the same with those of Arkansas and Nebraska.   In each of these states it is held that a failure to file makes the instrument absolutely void even as to persons with actual notice of it.   *Cooper* v. *Brock*, 41 Mich. 488, (2 N. W. Rep. 660;) *Holliday* v. *Franklin Bank*, 16 Ohio, 533; *Wilson* v. *Leslie*, 20 Ohio, 161; *Hanes* v. *Tiffany*, 25 Ohio St. 549; *Kilbourne* v. *Fay*, 29 Ohio St. 264; *Sayre* v. *Hewes*, 32 N. J. Eq. 652; *Williamson* v. *N. J. Southern R. Co.*, 29 N. J. Eq. 311, 336; *Ely* v. *Carnley*, 19 N. Y. 496; *Porter* v. *Parmley*, 52 N. Y. 185; *Farmers' Loan & Trust Co.* v. *Hendrickson*, 25

Barb. 484; *Stevens* v. *Buffalo, etc., R. Co.,* 31 Barb. 590; *In re Leland,* 10 Blatch. 503; *Moore* v. *Young,* 4 Biss. 128; *McKennon* v. *May,* 39 Ark. 442; *Pyle* v. *Warren,* 2 Neb. 241; *Becker* v. *Anderson,* 11 Neb. 493, (9 N. W. Rep. 640.)

DICKINSON, J. This is an action in the nature of replevin, to recover a piano which the defendant had seized under a writ of attachment against one Streeter at the suit of one Deering. The plaintiffs' asserted title and right of possession are based upon the alleged fact that they, formerly owning the piano, sold it conditionally to Streeter; the written contract of sale, by its terms, reserving the title in the plaintiffs until payment of the price, with the right to retake possession in case of default. Breach of the conditions of payment is alleged.

This contract was not filed in the city of St. Paul, where the plaintiffs resided, as is prescribed by Laws 1883, c. 38, § 2, amending Gen. St. 1878, c. 39, § 16; but upon the trial the plaintiffs offered to show that prior to the levying of the writ of attachment in favor of Deering, the latter had actual notice of the contract and that the conditions in respect to payment had been broken. The exclusion of this evidence is the principal ground of error assigned. The question is thus presented as to whether actual notice to a creditor of the vendee, under such a contract, renders ineffectual as to such creditor the provision of the statute which declares that such contracts "shall be absolutely void as against the creditors of the vendee, and as against subsequent purchasers and mortgagees in good faith, unless" the contract be filed as prescribed. Gen. St. 1878, c. 39, § 15. After prescribing as to the filing of such instruments, the law further reads, (section 17:) "Every note, or other evidence of indebtedness, or contract, filed in pursuance of this chapter, shall be held and considered to be full and sufficient notice to all parties interested of the existence and conditions thereof, but shall cease to be notice, as against the creditors of the vendee, and subsequent purchasers and mortgagees in good faith, after the expiration of one year," etc.

We consider the manifest purpose of the statute to be to afford notice (in respect to property sold upon condition) that the title remains in the vendor, the object being to thus protect those who otherwise

might be defrauded. This is in accordance with the construction which has ordinarily been placed upon similar statutes, and upon registry laws generally. *Tolbert* v. *Horton*, 31 Minn. 518, (18 N. W. Rep. 647;) *Bank of Farmington* v. *Ellis*, 30 Minn. 270, (15 N. W. Rep. 243;) *Lamberton* v. *Merchants' Nat. Bank*, 24 Minn. 281, and cases cited; *Allen* v. *McCalla*, 25 Iowa, 464, and cases cited; *Gooding* v. *Riley*, 50 N. H. 400, and cases cited.

The authorities referred to also sustain the conclusion that, as to one seeking to acquire rights in respect to the property, with actual notice of the facts and of the prior rights of others, the reason for the law failing, the statute ceases to be operative to divest the superior title, or to prefer to the real owner one who seeks to acquire a title from another known to have none. So far as the statute relates to "subsequent purchasers and mortgagees in good faith," it is to be taken as settled by the decisions of this court construing the statute relating to chattel mortgages,—the language of which, so far as it can affect this case, is identical with that of the statute under consideration,—that a purchaser with actual notice acquires no preference from the absence of the required registration. *Bank of Farmington* v. *Ellis, supra; Tolbert* v. *Horton, supra.* We are of the opinion that the same construction should be placed upon this statute as applied to an attaching creditor; that actual notice to the creditor at the time of the levying of his attachment supplies the want of constructive notice; and that the case of such a creditor is neither within the purpose of the statute nor within its terms as properly construed.

The decision of *Lamberton* v. *Merchants' Nat. Bank, supra,* goes far in support of this conclusion. There this court, construing the statute relating to recording conveyances of real estate as intended to provide a means of affording notice as to the condition of title, and considering that, in general, those having actual notice do not come within the purview of such statutes, held that an attachment or judgment, the creditor having, at the date of levying the one or docketing the other, notice of an unrecorded conveyance by the debtor, does not prevail against such conveyance. The reasons upon which that decision is founded are applicable here; and considering that the purposes of the statute now under consideration are the

same as those thus declared in respect to the recording of conveyances of real property, there seems to be but little reason for giving a different effect to actual notice, as respects creditors, in this case, from that which it was determined to have in the case last cited. See, also, as further sustaining our conclusion that the statute is not operative to prefer an attachment to the prior reserved title of the vendor, where, at the time of the interest of the creditor attaching to the property by levy, he had actual notice of the facts, *Allen* v. *McCalla, supra,* and cases cited; *Tucker* v. *Tilton,* 55 N. H. 223.

It may be doubted, in view of the construction which has been put upon registry laws since the decision in *Le Neve* v. *Le Neve,* 3 Atkyns, 646, (see 2 Lead. Cas. Eq. 109, and notes,) whether, if the qualifying words "in good faith" had been omitted from this statute, any less effect would have been attributable to the fact of actual notice than that which is now given to it; but, however that may be, we are of the opinion that those words, as respects the element of want of actual notice which they import, should be construed as applying to creditors as well as to purchasers and mortgagees. It follows that evidence should have been received of actual notice to the attaching creditors in whose favor the property was seized.

The point is made that the contract of sale was not offered in evidence. We infer from the case that not only was the admitted copy before the court treated as though it were the original, but that the offered evidence was excluded only upon the ground of the insufficiency of the filing.

Order reversed.