FARMERS' LOAN & TRUST COMPANY *vs.* MINNEAPOLIS ENGINE & MACHINE WORKS and others.

October 5, 1886.

**Corporation—Receiver—Chattel Mortgage.**—The receiver of the property of a corporation, appointed under Gen. St. 1878, c. 76, §§ 9, 10, may avoid a chattel mortgage upon the property of the corporation, on the ground that it was not filed as required by law.

**Fixtures—Machinery—Chattel Mortgage.**—As a general rule, machinery, to become part of the realty, must be physically attached to it, or be, in ordinary understanding, part of a building upon it, as where the building

| 35 | 543 |
| 41 | 151 |
| 35 | 543 |
| 44 | 39 |
| 44 | 399 |
| 35 | 543 |
| 48 | 169 |
| 35 | 543 |
| 60 | 400 |
| 35 | 543 |
| 66 | 423 |
| 66 | 444 |
| 67 | 288 |
| 35 | 543 |
| 69 | 127 |
| 35 | 543 |
| 80 | 497 |
| 35 | 543 |
| 82 | 491 |

is constructed wholly or in part for the machinery, or the machinery is constructed for the building, or some part of it, and is fitted into it; approving and following *Wolford* v. *Baxter*, 33 Minn. 12, (21 N. W. Rep. 744.)

On May 25, 1883, the defendant corporation, to secure an issue of bonds to the amount of $50,000, executed and delivered to plaintiff, as trustee, a mortgage upon lands in Minneapolis therein described, and also upon "all and singular the manufactories, machine-shops, foundry-works, smith-shops, and all buildings, machinery, erections, structures, fixtures, engines, tools, manufactured and unmanufactured materials, and all supplies of every kind belonging or appertaining or hereafter to belong or appertain to the said party of the first part, including and intending to include all the said property of every sort and nature which the said party of the first part may now own or which it may hereafter at any time acquire." This instrument was duly recorded as a real-estate mortgage, in the registry of deeds of Hennepin county, on May 30, 1883, but was not filed with the city clerk of Minneapolis (where the property was situated) as a chattel mortgage until November 26, 1884.

In September, 1884, the defendant company became insolvent, and an execution against its property having been returned unsatisfied, the judgment creditors instituted proceedings under Gen. St. 1878, *c*. 76, § 9, (set out in the opinion,) and in October, 1884, the defendant Snider was appointed receiver of all the property of the judgment debtor.

In December, 1884, default was made in the conditions of the mortgage, and thereupon the plaintiff brought this action in the district court for a foreclosure of the mortgage and a sale of the mortgaged property.

The receiver and certain creditors of the defendant company, who were made defendants, in their several answers alleged that a large part of the property described in the complaint and covered by the mortgage (such property consisting of boilers, engines, lathes, boring and drilling machines, and other machinery and implements and also tools,) was personal property, and that the failure to file the mortgage as a chattel mortgage till after the appointment of the receiver made

it void as to him and the creditors so far as it embraced such property.

The action was tried by *Young*, J., who determined that certain of the articles in dispute were fixtures and certain others, though personal property, were used by the mortgagor in carrying on its machine-works, and that plaintiff was entitled to judgment for sale of all such articles as well as of the land and buildings, to satisfy the amount due on the mortgage.

A new trial was refused, and the receiver and creditors appealed.

*J. E. Miner*, for the receiver, appellant.

*Keith, Thompson & Webster, Fish, Evans & Holmes, John B. & W. H. Sanborn,* and *F. G. Burke,* for creditors, appellants.

*H. J. Horn, J. B. Atwater,* and *Hiram C. Truesdale,* for respondent.

GILFILLAN, C. J. The mortgage in this case was a mortgage of real estate as to some of the property described in it, and a chattel mortgage as to other of the property; and, as to the latter class of property, (such property remaining in the possession of the mortgagor,) it came within the provision of Gen. St. 1878, *c.* 39, declaring mortgages of personal property (not accompanied by an actual and continued change of possession) void as to creditors, unless filed as therein required.

Two questions are presented in the case: *First,* can a receiver of the property of a corporation, appointed under sections 9 and 10, chapter 76, Gen. St. 1878, avoid a prior chattel mortgage of the corporation on the ground that it was not filed as required by chapter 39? *Second,* as to what property described in it was it a chattel mortgage?

Section 9, above referred to, provides: "Whenever a judgment is obtained against any corporation incorporated under the laws of this state, and an execution issued thereon is returned unsatisfied in whole or in part, upon the complaint of the person obtaining such judgment, or his representatives, the district court, within the proper county, may sequestrate the stock, property, things in action, and effects of such corporation, and appoint a receiver of the same." And section 10: "Upon a final judgment on any such complaint, the court shall cause a just and fair distribution of the property of such corporation, and of the proceeds thereof, to be made among the

fair and honest creditors of such corporation, in proportion to their debts, respectively." Section 23 provides for a notice requiring other creditors to exhibit their claims and become parties to the action, and for excluding them from all benefit of the judgment and distribution if they do not.

The proceeding is for the benefit of all the creditors, for all may come in and share in the distribution. Its purpose is to take all the property of the corporation, convert it into money, and apply the proceeds in payment of its debts. The sequestration is in the nature of an attachment or execution on behalf of the creditors. Bankruptcy proceedings have been likened to an equitable attachment (*In re Hinds*, 3 Nat. Bankr. Reg. 351) in respect to their purpose, and their effect on the debtor's property. Bankruptcy proceedings, when involuntary, are similar to the proceedings under consideration. The assignee in bankruptcy may avoid a chattel mortgage void as to creditors for want of filing. *Bank of Leavenworth* v. *Hunt*, 11 Wall. 391. He succeeds to the rights of creditors as well as of the bankrupt. Bump, Bankr. 503, and cases cited. A receiver in proceedings supplementary to execution also has the rights of the creditors at whose instance he was appointed, as well as of the debtor, and may avoid transfers void as to such creditors, though good as to the debtor. High, Receivers, § 454, and cases cited. A receiver of an insolvent corporation has the same powers and functions as a receiver upon a creditors' bill, or upon proceedings supplementary to execution. *Powers* v. *Hamilton Paper Co.*, 60 Wis. 23, (18 N. W. Rep. 20.) That he should have the power to enforce the rights which the creditors, but for the proceedings, might have enforced in their own behalf, seems reasonable. The pendency of the proceedings disables the creditors to go on, each in his own behalf, to enforce his claim by action, judgment, execution, and levy. So that, unless all the rights of the creditors can be enforced in this proceeding, unless their right to avoid transfers can be made available by means of it, then it is, to some extent, an obstruction, rather than a remedy, to them. It is evident that it was intended to facilitate, and not to hinder, a complete remedy; and this it will not do unless its scope is to apply to satisfaction of the creditors all the

property of the corporation applicable to that purpose, that is, all the property which, but for the proceeding, they could have so applied. For these reasons we decide that the receiver may avoid any transfers void as to creditors.

From the findings of fact, and the schedules made a part of them, we are unable to say what items are chattels, and what items fixtures, because it does not appear what items are attached to the realty, nor how some of them found by the court below to be fixtures are apparently only chattels. But the rule or test adopted by the court for determining what items are fixtures is stated in the memorandum of decision, which is expressly made a part of its conclusions of law. From that it appears that the court departed considerably from the general rules laid down by this court in *Wolford* v. *Baxter*, 33 Minn. 12, (21 N. W. Rep. 744,) a case closely analogous to this. The memorandum says: "If they [the mortgagors] constructed the building for a special purpose, to be used by themselves as a manufactory, and constructed or procured the machinery necessary to furnish motive power, and with which to do the different kinds of work intended by them to be done in such manufactory, then to such machinery, by being so placed in position for use in the building, was given an element of permanency, the same as though it had been fastened to the building. In fact, its permanency is to be determined more from adaptability and intention than from physical attachment." And, again: "In all the descriptive parts of this contract the business of the grantor and the property conveyed have an apparent intimate relation the one to the other, and are inseparable so long as the corporate purpose of the grantor is maintained. Whatever, therefore, of the machinery conveyed was necessary to the retention of the grantor's corporate character was clearly intended by the corporation to be a part of the permanent business plant, and the grantee was fully justified in so considering the same. As between the parties to the contract, then, such machinery must be considered as fixtures."

The rule indicated by what we have quoted seems to be that where a building is constructed and fitted for a particular kind of manufacturing, and machinery necessary and adapted to that kind of manufacturing is placed in the building with intent that it shall remain

and be used permanently in the business and as a part of what may be termed the outfit for the business, the different articles of such machinery thereby become fixtures, though not in any way either actually or constructively annexed to the land.

There are few cases that dispense with annexation to the realty, either by the thing itself being in some way annexed, or by its being accessory to and a necessary part of some other thing which is annexed. Few regard as sufficient a mere ideal annexation; that is, a connection between the realty and the thing existing only in intent, and not in fact. In the case referred to this court said: "While physical annexation is not indispensable, the adjudicated cases are almost universally opposed to the idea of mere loose machinery or utensils, even where it is the main agent or principal thing in prosecuting the business to which the realty is adapted, being considered part of the freehold for any purpose. To make it a fixture it must not merely be essential to the business of the structure, but it must be attached to it in some way, or, at least, it must be mechanically fitted so as, in ordinary understanding, to constitute a part of the structure itself. It must be permanently attached to, or the component part of, some erection, structure, or machine which is attached to the freehold, and without which the erection, structure, or machine would be imperfect or incomplete. * * * Intent alone will not convert a chattel into a fixture."

Any less exacting rule than that thus laid down would, in effect, do away, in a great variety of cases, with the fundamental distinction between real and personal property. The general rule is that, to be part of the realty, the machine must be physically attached to it, or be in ordinary understanding part of a building upon it; as where the building is wholly or in part constructed for the machine, or the machine is constructed for the building, or some part of it, and is fitted into it. The instances where this is not required are exceptional, and we do not think the exceptions should be extended. Intention is important to be considered in determining whether an article is or is not a fixture, not, however, that it may, as some few of the cases seem to hold, be in lieu of actual or constructive annexation; but when an article is annexed, it is important to inquire, was

it annexed with intent to make it a permanent accession to the freehold, or for only a temporary purpose? And where attachment once made is severed, was the severance intended to be permanent or temporary?

The case was apparently decided by the court below on the proposition that the receiver could not avoid the mortgage, so far as it was a chattel mortgage, on the ground that it was not filed as required by the statute; and that annexation, actual or constructive, was not necessary to make the machinery part of the realty. A restatement of the 11th, 12th, and 13th findings of fact, at least so as to show what articles were annexed to the realty, will be necessary; and, perhaps, it will also be necessary for the court to take further evidence to enable it to restate the findings according to the fact. The court below will therefore restate those findings of fact upon the evidence already taken, if that will enable it to do so, and take further evidence, if necessary, and determine the cause in accordance with this opinion. And for that purpose those findings, and the conclusions of law, are vacated.