THOMAS MANUFACTURING COMPANY *vs.* P. H. FOOTE.

May 26, 1891.

Conditional Sale—Instrument not Filed—Notice to Assignee or Receiver not Notice to Creditors.—Notice to or knowledge by an assignee or a receiver of the contents of an instrument of the character specified in Gen. St. 1878, *c.* 39, § 15, but not filed as required by law, and therefore declared absolutely void as to creditors not having actual notice of the same, is not notice to the creditors of a debtor who has made an assignment, or for whom a receiver has been appointed under the insolvency act of 1881. The assignee or receiver is in no sense the agent of the creditors.

Action brought in the district court for Big Stone county, to recover possession of 17 horse hay-rakes, made by plaintiff, of the alleged value of $380, of which the plaintiff alleged itself to be "the owner and entitled to the immediate possession." The answer alleged that on October 24, 1889, the rakes were the sole and absolute property of one Boyington, who on that day, being insolvent, made a general assignment for creditors to one Van Bogart, the assignment being filed the same day; that afterwards Van Bogart was removed, and defendant was appointed assignee in his place, and duly qualified, and took possession of the assigned property, including the rakes in question. At the trial, before *Powers*, J., it appeared that the rakes were delivered by plaintiff to Boyington under a written contract bearing date April 25, 1889, by the terms of which the plaintiff "bargains and agrees to sell" the property to Boyington at a price specified, payable November 1, 1889, and it is agreed that the title and ownership shall remain in plaintiff until full payment. This contract was not filed. There was evidence tending to prove that Van Bogart was a clerk in Boyington's store, and was present when the contract was made, and that he afterwards read it, and that he knew its contents at the time of the assignment. There was evidence that upon the making of the assignment Van Bogart took possession of the rakes, and, upon his removal, (which was on his own petition, stating his inability to furnish the necessary bond,) he delivered them to

defendant. At the close of plaintiff's case a dismissal was ordered, on defendant's motion. The plaintiff appeals from an order refusing a new trial.

*John B. & W. H. Sanborn*, for appellant.

*E. T. Young*, for respondent.

COLLINS, J. The conditional contract entered into between this plaintiff and Boyington, of date April 25, 1889, not having been filed in the office of the clerk of the town in which Boyington resided, as required by Laws 1883, c. 38, § 2, amended, Laws 1885, c. 76, § 1, was absolutely void as to those creditors not having actual notice of the state of the title, when Boyington made the assignment under the insolvency act of 1881, October 24, 1889, at which time their rights attached to the property in dispute. Gen. St. 1878, c. 39, § 15; *Dyer* v. *Thorstad*, 35 Minn. 534 (29 N. W. Rep. 345.) The plaintiff, therefore, could not maintain its action,—one of claim and delivery, —under the statute, without showing actual notice or knowledge on the part of the creditors as to the true state of affairs, and that Boyington held possession of the plaintiff's goods solely under the contract of conditional sale. This assertion has not been controverted by the plaintiff at any time, but its position is that, as the testimony disclosed full knowledge of the existence of the contract and of the real facts, at the time of the assignment, in Van Bogart, to whom it was originally made, the creditors had actual notice of the state of the title and of the plaintiff's rights. In other words, that the knowledge of the original assignee in respect to the contract can and must be attributed to the creditors. This contention is predicated upon the claim that an assignee under the insolvency act is an agent of the creditors, and consequently that notice to him is notice to the creditors, his alleged principals. The contention is obviously without merit. It has been declared, repeatedly, that the property of an insolvent who has made an assignment under our statute, or for whom a receiver has been designated by the court, is *in custodia legis*, the assignee or receiver being an officer of the court. Although he may at times and for some purposes represent the creditors only, and again, under other circumstances, stand in the shoes of the insolvent, having no other or greater rights, he is in no sense an agent

of either; he is the officer of the law. In this respect no distinction can be made between an assignee or receiver and a sheriff. It was held in *McCarthy* v. *Grace*, 23 Minn. 182, that the latter officer, holding a writ of attachment for service upon a debtor, was not the agent of the attaching creditor, so as to render actual notice to him of a chattel mortgage, duly executed by the debtor, but not filed as by law required, notice to the creditor of its existence. By express provision of the statute, the assignee or receiver is considered as representing the rights and interests of the creditors, as against all transfers and conveyances of property which would be held to be fraudulent or void as to creditors, and has all the rights possessed by creditors to avoid such fraudulent conveyances and transfers. Gen. St. 1878, c. 41, § 27; *Merrill* v. *Ressler*, 37 Minn. 82, (33 N. W. Rep. 117.). The defendant, who superseded Van Bogart when the latter, after having assumed possession of the assigned estate, found himself unable to furnish the requisite bond, had the same rights, with respect to contesting plaintiff's claim of title under its contract, as had creditors who were in ignorance of it. Notice to him or notice to the original assignee was not notice to the creditors.

The plaintiff put Boyington in possession of the property at or about the time the contract was executed, and it remained in his actual possession without interruption until delivered to Van Bogart, as the first-named assignee. He surrendered possession of it to this defendant, as an assignee appointed by the court when Van Bogart failed to qualify. Nothing further need be said with reference to plaintiff's contention that there was testimony in the case from which the jury might have found a redelivery to plaintiff prior to the day of the assignment.

There was nothing in the plaintiff's objection to testimony relative to the assignment, upon the ground that, under the answer, the defendant's title could not be established through the assignment.

Order affirmed.