60  397
69   74

SILAS B. WALSH v. ST. PAUL SCHOOL FURNITURE COMPANY and
Others.[1]

March 13, 1895.

No. 9151.

**Dissolution of Partnership—Powers of Receiver.**

> A receiver appointed in an action by one partner against his copartners
> to dissolve the partnership, and wind up its affairs, does not so far repre-
> sent creditors, or bona fide purchasers for value, that he can have a chattel
> mortgage on the firm property set aside because it was not filed.   Berlin
> Machine Works v. Security Trust Co., supra, p. 161, 61 N. W. 1131, fol-
> lowed.

Action by Silas B. Walsh in the district court for Ramsey county
against St. Paul School Furniture Company, a corporation, and oth-
ers, to foreclose a second mortgage executed by the corporation on
certain real estate, together with machinery on the premises.   After
the execution of the mortgage the St. Paul School Furniture Com-
pany, a copartnership, succeeded to the rights of the corporation in
the mortgaged property, with full knowledge of the mortgage.   The
copartnership having become insolvent before the commencement of
this action, one of the defendants, the Security Trust Company, was
appointed receiver of the copartnership, with the consent of all par-
ties, in a suit brought by one of the copartners against the others
for winding up the affairs of the copartnership, and not in an insol-
vency proceeding under the statute.   Afterwards, in the same pro-
ceedings in which the receiver was appointed, the court, by an order
which recited the appointment of the receiver, and that the copart-
nership was insolvent, directed notice to be given to all creditors of
the partnership to file their claims with the receiver; and various
creditors, nearly all of whom had become creditors in good faith
since the execution of the mortgage, filed their claims, which were
allowed by the receiver.   The defendant Ellis was the owner of a
prior mortgage, and on his petition, in which plaintiff and the re-
ceiver joined, was made a party to the action, and filed an answer

[1] Reported in 62 N. W. 383.

praying for the foreclosure of his mortgage. The receiver defended on the ground that part of the machinery covered by the mortgages was personal property, and that the mortgages to that extent were chattel mortgages and were void, because not filed with the clerk of the city of St. Paul. The case was tried before Otis, J., who found as conclusions of law, among other things, that the machines in controversy were permanent fixtures, and that plaintiff and defendant Ellis were entitled to a judgment of foreclosure. From an order denying a motion for a new trial the receiver appealed. Affirmed.

*Bramhall & Taylor,* for appellant.

The receiver represents the creditors as well as the copartners, and may avoid any transaction which the creditors could have avoided. The receiver is the executive officer of the court of chancery, and his appointment is regarded in the light of an equitable attachment levied on the property or fund for the purpose of finally distributing it among those who may show themselves entitled. High, Rec. § 1; Beverley v. Brooke, 4 Gratt. 187; In re Hinds, 3 Nat. Bank. Reg. 351; Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349; Jackson v. Lahee, 114 Ill. 287, 2 N. E. 172. Before a creditor can attack an unfiled chattel mortgage upon his debtor's property he must have acquired a lien thereon by attachment or execution. St. Paul T. I. & T. Co. v. Berkey, 52 Minn. 497, 55 N. W. 60. Upon the appointment of a receiver for a copartnership, its assets are in the hands of the court, and no creditor will be permitted to levy on or sell the property, or to acquire a lien upon it, or gain a priority over the creditors in any other way. Williamson v. Wilson, 1 Bland, Ch. 418; High, Rec. § 495; Waring v. Robinson, 1 Hoff. Ch. 524. There is a line of cases which, while in apparent conflict with this rule, rather support it by inference than deny it. Naglee v. Minturn, 8 Cal. 541; Ross v. Titsworth, 37 N. J. Eq. 333; Ellicott v. United States Ins. Co., 7 Gill (Md.) 307; Adams v. Hackett, 7 Cal. 187; Adams v. Woods, 8 Cal. 153; Adams v. Woods, 9 Cal. 24. See Holmes v. McDowell, 15 Hun, 585. In all cases in which assignees, receivers, or trustees of any kind are administering an insolvent estate under the control of a court of equity, such estate is regarded as a trust fund for the benefit of creditors. Farmers' L. & T. Co. v. Minneapolis E. & M. Works, supra. The extent

of the power of a court of equity over an insolvent partnership estate and its solicitude in the protection of the rights of creditors is shown in the following New York decisions: Innes v. Lansing, 7 Paige, Ch. 583; Whitewright v. Stimpson, 2 Barb. 379; Jackson v. Sheldon, 9 Abb. Pr. 127; Deming v. Colt, 3 Sandf. 284; Van Alstȳne v. Cook, 25 N. Y. 489.

*Stringer & Seymour,* for respondent Walsh.

*Williams, Goodenow & Stanton,* for respondent Ellis.

The receiver represented the copartnership, and did not in any manner represent the creditors, except as the agent of the copartners. Farmers' L. & T. Co. v. Minneapolis E. & M. Works, supra; May v. Walker, 35 Minn. 194, 28 N. W. 252; Mackellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222.

START, C. J. Assuming, without so deciding, that the property in controversy was personal property, still the mortgage thereon was valid between the parties thereto, although it was not filed in the proper office. We held in the case of Berlin Machine Works v. Security Trust Co. (decided at the present term) supra, p. 161, 61 N. W. 1131, that the receiver in the case did not represent the creditors of the copartnership, so that he could have a chattel mortgage set aside, otherwise valid, because it had not been filed. That decision is decisive of this case. The fact that this action was brought after the order of the district court for creditors to prove their claims was made, and that the one cited was brought before, does not distinguish them, for the principle is the same in each case.

The equitable jurisdiction which courts exercise over partnerships is a necessary outgrowth of the jurisdiction over accounting, and the remedies of dissolution and receivership are incidents necessary to final and complete relief. When the court has once acquired jurisdiction in an action by one partner against his copartners for an accounting and settlement of the affairs of the partnership, it will extend its jurisdiction to the whole controversy and distribute the assets to creditors, in case of insolvency, pro rata, in accordance with the rule that equality is equity. Therefore, after the court has obtained possession of the assets of the partnership, by its receiver, it

will not permit any creditor to obtain a preference by a levy on the assets in its possession, or to acquire a lien thereon by a creditor's bill. To this extent only does such receiver represent creditors, for when he takes possession of the assets he stands, as to the past transactions of the firm, in the shoes of the partners, precisely as an assignee at common law for the benefit of creditors would. An assignee for the benefit of creditors, in the absence of a statute to the contrary, takes only the rights which the assignor had in the trust estate when he made his assignment. He is not a bona fide purchaser for value, and his title to the assigned estate is subordinate to the lien of an unrecorded chattel mortgage which is good between the parties thereto. Flower v. Cornish, 25 Minn. 473; Stewart v. Platt, 101 U. S. 731; Burrill, Assignm. § 324; Jones, Chat. Mortg. § 241. The cases of Innes v. Lansing, 7 Paige, Ch. 583, and Van Alstyne v. Cook, 25 N. Y. 489, relied upon by appellant, are not in point, for they involved questions arising under the statute of New York with reference to limited partnerships, which prohibited preferences when the partnership was insolvent. The receiver, in the case of Farmers' L. & T. Co. v. Minneapolis E. & M. Works, 35 Minn. 543, 29 N. W. 349, was held to represent creditors, so as to avoid an unfiled chattel mortgage, by virtue of the provisions of the statute, which provided for the sequestration of all of the property of an insolvent corporation. The proceedings thus authorized by statute are in the nature of an attachment or execution on behalf of creditors. So, also, an assignee or receiver, under our insolvency law, represents creditors, by virtue of the express provisions of the statute. Merrill v. Ressler, 37 Minn. 82, 33 N. W. 117.

It does not follow that, unless it is held that a receiver in proceedings to close a partnership has the powers of a receiver in insolvency proceedings under the statute, creditors are without any remedy to reach property fraudulently transferred by the partnership, for the jurisdiction of a court of equity to dissolve a partnership, like any other legal or equitable remedy, is subject to legislative control, and it must yield to the statute; hence, creditors have an ample and complete remedy under the insolvency law of 1881. The receiver in this case derives none of his powers from the statute; neither he nor the court appointing him has any jurisdiction over the individual property of the members of the partnership;

and he cannot have set aside any securities or payments given or made as preferences, for, outside of insolvency proceedings, they cannot be attacked.    Mackellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222. He can enforce no claim which the partnership could not.

Order affirmed.