THOMAS MANUFACTURING COMPANY v. CHARLES M. DREW.[1]

June 23, 1897.

Nos. 10,490—(153).

Conditional Sale—Fraudulent Conveyance—Assignment for Creditors —Right of Assignee.

A conditional contract for the sale of personal property in which the vendee stipulates that the title to and ownership thereof shall remain in the vendor until the purchase price is paid, which contract is not filed in accordance with the provisions of G. S. 1894, §§ 4148, 4149, until after an assignment has been made by the vendee under the insolvency law, is a conveyance made by the debtor within the meaning of the title of the act of 1877 (Laws 1877, c. 142; G. S. 1894, § 4233).   And such a contract is covered by section 1 of said chapter (section 4233), which declares that,

[1] Reported in 71 N. W. 921.

in all cases of general assignments for the benefit of creditors, assignees shall be considered as representing the rights and interests of creditors as against all transfers and conveyances of property which would be held fraudulent or void as to creditors, and shall have all the rights which such creditors would have to avoid such fraudulent transfers and conveyances.

Same.

Such an instrument, not being filed at the time of the assignment, is fraudulent and void as to all creditors of the vendee having no notice of the state of the title to such property, and the assignee may enforce the rights and interests of these creditors in an action of replevin brought against him by a vendor to recover possession of property in his hands under the deed of assignment.

Assignment for Creditors—Rights of Assignee before Approval of Bond.

When the bond of the assignee has been approved by the court, and filed within the period prescribed by statute, it is immaterial, in so far as the assignee's rights are concerned, that the bond had not been approved or filed when the action in replevin is commenced.

Action in replevin in the district court for Hennepin county to recover possession of 48 bicycles. The wheels were manufactured by plaintiff, and were delivered in the spring of 1896 to one C. C. Taylor. They were so delivered under written order providing that title to the wheels should remain in plaintiff until they were paid for in full. None of the wheels were paid for. On May 14, 1896, Taylor made a voluntary assignment for the benefit of creditors to the defendant. The wheels were taken by defendant the same day. Plaintiff having demanded the wheels from defendant brought this action on May 18, 1896. On May 19 the sheriff served the replevin papers on defendant, and thereupon took the wheels. After the service of the papers, and on the same day, the defendant's bond as assignee was approved by the court and filed. The verdict of the jury was for the defendant for the return of the wheels, or for their value, $2,028, and assessed his damages at $724. From an order denying a new trial, Jamison, J., plaintiff appealed. Affirmed.

*Chas. S. Cairns,* for appellant.

*Roberts & Sweet,* for respondent.

COLLINS, J.

In Thomas v. Foote, 46 Minn. 240, 48 N. W. 1019, it was conceded by counsel, taken for granted by the court and held, that a conditional contract of sale of personal property,—a sale with a condition that title to and ownership of the property shall remain in the vendor until paid for in full,—but not filed as provided by G. S. 1894, §§ 4148, 4149, was absolutely void as to all creditors of the vendee at the time of his assignment under the insolvency laws who had no actual notice of the state of the title at that time.

Counsel for appellant, urging that the controversy in that case was simply as to the effect of actual notice on the part of the assignee himself of the state of the title, and that the question here presented was not raised or discussed, has argued with great zeal that our conclusion with respect to the rights of creditors having no actual notice of a conditional contract of sale of property in possession of their debtor when he assigns for the benefit of his creditors was radically wrong, and in opposition to the weight of authority; and that such a contract, although not filed as required by statute, is valid against all creditors except such as may have acquired an interest in or specific lien upon the identical property by seizing it for the purpose of applying it upon their debts by writ of attachment or of execution. The contention of counsel includes the further claim that Laws 1877, c. 142, § 1,—now G. S. 1894, § 4233,—does not cover a contract of the nature of the one at bar, because, construing the title and body of the 1877 act together, it clearly appears that it applies only to conveyances made by the debtor which are fraudulent, and therefore void as to creditors.

1. We shall first consider the claim that the conditional contract is not within the terms and is not covered by the statute of 1877. The title is, "An act vesting in assignees under general assignment the rights of the creditors as against all fraudulent conveyances made by the debtors." Although passed as an independent act, it was really an amendment by way of an additional section to Laws 1876, c. 44,[2]—a statute regulating assignments of property in trust for the benefit of creditors. It was incorporated as section 27 into that part of G. S. 1878, c. 41 (G. S. 1894, § 4233), which relates to assignments for benefit of creditors. It provides:

[2] See G. S. 1894, §§ 4227, 4230-4232, 4234-4239.

"That in all cases of general assignments for the benefit of creditors, the assignee or assignees shall be considered as representing the rights and interests of the creditors of the debtor or debtors making the assignment, as against all transfers and conveyances of property which would be held to be fraudulent or void as to creditors; and shall have all the rights which such creditors would have to avoid such fraudulent conveyances and transfers."

And this section has frequently been relied upon in this court in support of the proposition that a chattel mortgage which has not been filed in the proper office until after an assignment for the benefit of creditors under the insolvency law is void as to the creditors of the assignor; the last case being Shay v. Security, 67 Minn. 287, 69 N. W. 920, in which several cases are cited as authority, including Thomas v. Foote, supra.

And it is to be observed in this connection that G. S. 1894, §§ 4129, 4130, which relate to chattel mortgages and their filing, are almost identical with sections 4148, 4149, relating to contracts of the character of the one herein involved and their filing. Certainly these sections have placed chattel mortgages and conditional contracts on the same footing in so far as the rights of creditors without notice of their existence or contents are concerned. Both are declared to be absolutely void as to creditors without notice, unless filed as provided by statute. And, if void under such circumstances, they are constructively fraudulent as to such creditors. Contracts of sale, not filed, in which are conditions that the title to and ownership of the property therein described shall remain in the vendor until paid for, create secret liens upon the property quite as much as do unfiled chattel mortgages. As a matter of fact, they are quite as dangerous to the unsuspecting creditor or subsequent purchaser in good faith as are formal chattel mortgages of property just purchased, executed by a vendee to the vendor. The statute which requires such a contract to be filed recognizes and is based on this fact.

In so far as property rights are concerned, the property covered by one of these contracts is always considered as belonging to the vendee, and, if filed, mere notice of the vendor's claim, whatever that claim may be. Although in the form of a conditional contract of sale, the lien is substantially that afforded by a mortgage upon the same chattels. It bears a different name, and is not for-

mally executed by the vendee of the property, but we look to its purpose, rather than to the name labeled upon it by the parties, or the manner in which they have accomplished such purpose. If that purpose be to give the vendor a lien upon the property sold by him until he is paid, what possible difference does it make in the eye of the law, when considering the rights of the parties or of third parties, that instead of taking a chattel mortgage from the vendee to secure the purchase price the vendor has reserved and retained the title and ownership in himself for the same purpose? In determining the real character of a contract, courts have always looked at its purpose and object, rather than at the name given it by the parties, or to the exact method adopted to bring about a desired result. And not only have conditional contracts and chattel mortgages been placed on the same footing by the statutes with respect to filing, but the same construction has been given the two instruments when determining the effect of actual notice thereof to a creditor of the vendee. Dyer v. Thorstad, 35 Minn. 534, 29 N. W. 345.

Here the property was furnished to and placed in the vendee's possession upon an order signed by such vendee, directed to, and also signed by, the vendor. In this order was the condition. When delivered on the order, the property, in so far as creditors' rights were concerned, belonged to the vendee. Hervey v. Rhode Island, 93 U. S. 664. The condition was a part of the order as signed and made by the vendee, and, if constructively fraudulent, because void as to creditors without notice, it was covered by the language used in the title of the act of 1877. And it was certainly covered by the language used in the body of the statute, for that referred to all transfers or conveyances which would be held fraudulent or void as to creditors.

2. The statute last above cited confers upon assignees all rights which the creditors of the assignor may have at the time of the assignment to avoid fraudulent or void transfers and conveyances of property. Creditors who have no actual notice of chattel mortgages or conditional sales of a debtor's personal property, which have not been filed, may avoid the same by seizing such property in attachment proceedings or by writ of execution. As to all creditors without notice, the debtor's property is unaffected by a secret lien, although, as between the immediate parties to the instrument

creating the lien, it may be valid and enforceable. The rights of such a creditor are fixed by the statute, which declares unfiled instruments creating liens absolutely void as to him; but the remedy must be sought in the courts.

It is the rights of the creditors which are granted to assignees by the statute, and, as the property in the hands of an assignee is already in the custody of the law, the remedy required to be pursued by a creditor is unnecessary. The assignee enforces the right through the assignment proceedings, and, as was said in Walsh v. St. Paul, 60 Minn. 397, 62 N. W. 383, his position is altogether different from that of an assignee at common law, or where there is no statute giving to an assignee the rights of creditors. No action was essential on the part of the assignee to assert, maintain, or complete his right as the representative of the rights and interests of all creditors as to whom transfers or conveyances were void. By force of the statute the assignee succeeding to the possession of the assignor of the property in question held and represented the rights of the creditors as fully and completely as could a sheriff who had seized it on an execution against the vendee debtor. Sheldon v. Mayers, 81 Wis. 627, 51 N. W. 1082, where a similar statute was construed.

The claim of counsel that the assignee herein got no greater rights through the assignment than had the assignor with respect to the conditional contract of sale, seems to rest largely upon the cases cited by him. Flower v. Cornish, 25 Minn. 473; Mann v. Flower, Id. 500; Walsh v. St. Paul, supra. The first two of these cases involved the same common-law assignment, and in the first mentioned reference was made to the fact that the rights of the assignee were unaffected by any statute; while the Walsh case was an action under the common law to wind up a partnership in which the receiver, it was said, stood in the shoes of an assignee for the benefit of creditors at common law, with simply the rights of such an assignee. These cases are not in point.

The assignee in the case at bar was an officer of the court, and the property which came into his possession from that of the assignor was in the custody of the law. As against this property the assignee was authorized to assert and maintain the rights and interests of creditors by virtue of the statute which expressly made

him the representative of such creditors as could avoid the transfer in question. The court was clearly right when it announced its views on this question in Thomas v. Foote, supra.

There is absolutely nothing in the claim of counsel that the assignee had no right to hold the property as against the plaintiff, when the present action in claim and delivery was brought, because his bond had not then been approved or filed. Kingman v. Barton, 24 Minn. 295; Strong v. Brown, 41 Minn. 304, 43 N. W. 67.

Order affirmed.