LEVI D. KELLOGG v. AUSTIN F. KELLEY and Others.[1]

June 28, 1897.

Nos. 10,598—(231).

**Insolvency—Rights of Assignee as against Unrecorded Mortgage.**

A real-estate mortgage, executed before, but not recorded until after, the mortgagor has made an assignment for the benefit of his creditors, under the insolvency law of the state, is void as to the assignee in so far as he represents such creditors. He has the same right to avoid such a mortgage as creditors would have had if they had acquired a lien on the mortgaged premises by attachment or judgment.

Action in the district court for Hennepin county to foreclose a real-estate mortgage. From a judgment for plaintiff, entered pursuant to findings by Simpson, J., defendants Charles M. Hanson and Albert C. Cobb, assignees of the mortgagors, appealed. Reversed.

*Cobb & Wheelwright* and *W. A. Lancaster*, for appellants.

*George R. Robinson*, for respondent.

START, C. J.

This is an appeal by the assignees in insolvency of Austin F. Kelley from a judgment adjudging the lien of the plaintiff's unrecorded mortgage, in the form of an absolute deed upon certain real estate of the assignor, to be superior to their title as such assignees. The only question for our decision is whether the judgment is justified by the finding of fact upon which it is based.

[1] Reported in 71 N. W. 924.

The material facts as found by the trial court are these: The assignor, Kelley, on April 30, 1896, was the owner in fee and in the exclusive possession of lot 10, block 90, in Town of Minneapolis, and so continued in the possession thereof until September 12, 1896, when, being insolvent, he duly made an assignment for the benefit of his creditors of all of his unexempt property, under the insolvency laws of this state, to the defendants Charles M. Hanson and Albert C. Cobb. The assignment was duly filed on September 14, 1896, and three days thereafter a certified copy thereof was duly recorded in the office of the register of deeds of the proper county. The assignees accepted the trust, duly qualified, and, as such, have been continuously in possession of the lot since the making of the assignment. On April 30, 1896, their assignor, Kelley, and his wife, made to Jonas F. Brown their promissory note for $5,000, and, as security for its payment, executed to him a warranty deed of the lot. Afterwards Brown conveyed by deed his interest in the lot to the plaintiff herein. Neither of these deeds was ever recorded in the office of the register of deeds, and the title to the lot stood of record in the name of the assignor until the assignment was recorded. None of the creditors of the assignor ever had, prior to the making and recording of the assignment, any notice or knowledge of the deeds, or of any claim on or interest in the premises on the part of Brown, or of the plaintiff herein. The plaintiff commenced this action to foreclose his mortgage after the making and recording of the deed of assignment.

Did the trial court err in holding that the lien of the plaintiff's mortgage upon the lot was superior to the rights of the creditors of Kelley, as represented by the assignees? The question is answered in the affirmative. Section 4180, G. S. 1894, declares every unrecorded conveyance, by deed, mortgage, or otherwise, of real estate void as against any attachment levied thereon or judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record, prior to the recording of such conveyance. Hence, if this assignment had not been made, any creditor of the assignor could have attached the lot, and in such case his lien would be paramount to the lien of the mortgage, as none of the creditors ever had any notice of it. So, also, the lien

of a judgment would be superior to that of the plaintiff's mortgage. It is only as to creditors who have acquired a lien on the land by attachment or judgment that this statute declares an unrecorded conveyance void. Therefore, if the mortgage had been recorded, or this action commenced, and lis pendens filed, at any time before the assignment was made, the title of the assignees would be subordinate to the lien of the plaintiff's mortgage.

But before the mortgage was recorded or the action commenced, and before the creditors had seized the lot by attachment, or obtained a judgment lien thereon, it was placed in the custody of the court for their benefit, to be disposed of by the assignees, by direction of the court, for the payment of their debts. This act of placing the property in control of the court through its officers, the assignees, suspended the right of creditors to acquire a lien on the lot by attachment or judgment, and thereby avoid the unrecorded mortgage. Hence, if the creditors cannot avoid the mortgage through their representatives, the assignees in insolvency, the assignment, which the law authorized to be made for their benefit, becomes an obstruction to the enforcement of their claims.

To avoid such a result, our insolvency law has provided that all laws of the state of a general nature applicable to receivers and assignments, and not inconsistent therewith, shall apply to assignees and receivers appointed thereunder. G. S. 1894, § 4246. This confers upon receivers and assignees in insolvency the right to have set aside all transfers of property which would be held to be fraudulent or void as to creditors, as provided in section 4233, G. S. 1894, which reads:

"That in all cases of general assignments for the benefit of creditors, the assignee or assignees shall be considered as representing the rights and interests of the creditors of the debtor or debtors making the assignment, as against all transfers and conveyances of property which would be held to be fraudulent or void as to creditors, and shall have all the rights which such creditors would have to avoid such fraudulent conveyances and transfers."

This statute has been repeatedly construed by this court to the effect that an assignee or receiver in insolvency represents the creditors of the assignor, and, by virtue of the power vested in him by the statute, he may avoid any transfer or conveyance by his assignor

of property, real or personal, which creditors would have had the right to avoid if the assignment had not been made. It is not necessary that the claims of such creditors be first reduced to judgment, or a lien acquired on the property by attachment, in order to warrant such action, for the special statutory authority conferred upon the assignee to avoid such transfer for the benefit of creditors invests him for this purpose with all the rights of attaching or judgment creditors. Farmers v. Minneapolis, 35 Minn. 543, 29 N. W. 349; Merrill v. Ressler, 37 Minn. 82, 33 N. W. 117; Chamberlain v. O'Brien, 46 Minn. 80, 48 N. W. 447; Thomas v. Foote, 46 Minn. 240, 48 N. W. 1019; Gallagher.v. Rosenfield, 47 Minn. 507, 50 N. W. 696; Shay v. Security, 67 Minn. 287, 69 N. W. 920; Thomas v. Drew, supra, page 69, 71 N. W. 921.

It is true, as suggested by plaintiff's counsel, that the actions in which those decisions were made related to transfers of personal property; but this is unimportant, for the statutory power conferred upon an assignee in insolvency to avoid any transfer of property by his assignor as fraudulent or void is not limited to transfers of personal property. It includes all transfers of property which are fraudulent or void as to creditors, and the construction of the statute conferring the power must be the same whether the subject-matter of the action is real or personal property. The case of Leqve v. Stoppel, 64 Minn. 74, 66 N. W. 208, was an action by a receiver in insolvency, appointed by the court in place of an assignee, to set aside a transfer of real estate made to defraud creditors, and it was assumed by court and counsel that he represented creditors, and could avoid the transfer.

The plaintiff urges the further claim that it is not shown that the assignees represent any creditors who became such after the making of the mortgage, and in reliance upon Kelley's apparent absolute ownership of the property, so as to bring this case within that of Baker v. Pottle, 48 Minn. 479, 51 N. W. 383. The existence of such creditors is not necessary in this case to enable the assignees to avoid the unrecorded mortgage, because they acquired the title and possession of the mortgaged property for creditors while the mortgage was unrecorded, and have the same right to hold it, and avoid the mortgage, as creditors would have had to seize it by attachment

if no assignment had been made. The assignee's right to avoid the mortgage does not depend upon any question of estoppel, but upon the statute making the unrecorded instrument void as to attaching and judgment creditors. In Baker v. Pottle the mortgage was filed before the assignment was made, and before any creditor had laid hold of the property by legal process, or acquired any lien thereon; and the assignee took the property subject to the mortgage, unless there were creditors against whom the mortgagee was estopped from asserting the lien of his mortgage. See Clark v. Richards, 68 Minn. 282, 71 N. W. 389.

The trial court erred in holding the lien of the plaintiff's mortgage on the lot to be superior to the title thereto of the assignees in so far as they hold it for the benefit of creditors of the assignor.

The judgment must be reversed, and the case remanded to the district court, with direction to modify its conclusions of law, so as to make the lien of the plaintiff's mortgage on the lot subordinate to the rights of the creditors of the assignor, as represented by the assignees, and subject to the right of the assignees to sell the lot for the benefit of such creditors, freed from the lien of plaintiff's mortgage. So ordered.