FRANCIS W. GRIDLEY v. PETER A. MYERS and Others.

July 13, 1898.

Nos. 11,200—(252).

**Laws 1881, c. 148—Assignment Becomes Operative when Filed.**
An assignment for the benefit of creditors, under the insolvent law of 1881, does not take effect or become operative for any purpose until filed in the office of the clerk of the district court.

Action in the district court for Hennepin county by plaintiff, trading as the Olive Wheel Company, against Peter A. Myers, Elizabeth A. Patterson and Harlow A. Jacobs, copartners as P. A. Myers & Co., Harlow A. Jacobs, and George R. Smith, the assignee of Harlow A. Jacobs, to recover $3,274.15 for the alleged wrongful conversion by defendants of a number of bicycles and bicycle attachments. Judgment by default was obtained against all of the defendants, except Smith, the assignee, who interposed an answer. The cause was tried before Lancaster, J., without a jury, and judgment was ordered against defendant Smith for $673.50. From an order denying his motion for a new trial, defendant Smith appealed. Affirmed.

The bicycles and bicycle attachments in question were furnished to defendant firm by plaintiff under a conditional sales contract, under the terms of which the title to the bicycles remained in the vendor, the plaintiff, until paid for in full. During the year 1897 and prior to June 1, plaintiff delivered to defendant firm under

this contract bicycles and bicycle attachments, which, at the price agreed on in the contract, amounted to $3,274.15. None of the goods were ever returned to plaintiff, and nothing was ever paid for them. Defendant Jacobs became a member of defendant firm shortly after the execution of the contract, and about the first of June he purchased the interests of his partners, took possession of the assets, and continued the business under the former firm name until June 14. On that day Jacobs made an assignment, under the insolvency law, to defendant George R. Smith. The deed of assignment was executed and delivered at noon, and was filed in the office of the clerk of the district court for Hennepin county at 5:12 o'clock p. m. The conditional sales contract was filed in the office of the city clerk of Minneapolis at 4 o'clock p. m. the same day. Plaintiff duly demanded the return of the goods prior to the filing of the assignment, and again prior to the commencement of the action.

*George R. Smith*, for appellant.

As to the statute providing that every deed of assignment shall be void unless filed, our contention is that, like all of our other recording and filing acts, it is designed for the protection of subsequent purchasers, mortgagees, assignees or attaching creditors of the insolvent, and that a deed of assignment is void as to them, but as to the rest of the world is valid. Mann v. Reed, 49 Ill. App. 406; Farwell v. Cohen, 138 Ill. 216. If this contention is correct, it necessarily follows that the equitable attachment on behalf of the creditors was complete, and their rights fixed and established, on the execution and delivery of the deed, before respondent filed his contract. Bank of Farmington v. Ellis, 30 Minn. 270.

*Taylor & Edwards*, for respondent.

The question is whether plaintiff, having filed his sales contract an hour or more prior to the filing of the deed of assignment, can hold his own property; and we submit that under the statutes the order for judgment of the trial court should be affirmed. G. S. 1894, § 4227; Laws 1895, c. 66; Clark v. Richards Lumber Co., 68 Minn. 282, 72 Minn. 397.

MITCHELL, J.

This is a contest between the vendor in a contract of conditional sale and the assignee in insolvency of the vendee, as to which party is entitled to the goods which were the subject of the sale.

The assignment for the benefit of creditors, under the insolvent law of 1881, was executed and delivered to the assignee at 12 o'clock noon, and filed in the office of the clerk of the district court at 5 o'clock and 12 minutes p. m., and the conditional sales contract filed in the city clerk's office at 4 o'clock p. m., all on the same day.

It is settled by the decisions of this court that a deed of assignment, under the act of 1881, gives creditors all the rights of an equitable attachment as of the date when the assignment takes effect or becomes operative; also that the assignee has the right to assert the rights of creditors against an unfiled chattel mortgage or contract of "conditional sale," the same as the creditors might have done had they levied on the property by an ordinary writ of attachment. Thomas Mnfg. Co. v. Drew, 69 Minn. 69, 71 N. W. 921; Clark v. Richards Lumber Co., 68 Minn. 282, 71 N. W. 389.

As presented by the record and by counsel, the only question in the case is, which was prior in point of time, the equitable attachment in favor of creditors by virtue of the assignment, or the date of filing the conditional sales contract? That of course depends upon when the assignment took effect and became operative,—at the time it was delivered to the assignee or not until it was filed in the clerk's office.

The assignment act of 1876 (G. S. 1894, § 4227) provides that every assignment for the benefit of creditors "shall be void * * * until such conveyance or assignment be filed in the office of the clerk of the district court," etc. This is not a mere registry law. The language clearly means that such an assignment shall not become operative for any purpose until so filed.

The insolvent law of 1881 (G. S. 1894, § 4240, as amended by Laws 1895, c. 66) provides that "such an assignment shall be made, acknowledged and filed in accordance with and be governed by the laws of this state relating to assignments by debtors for the benefit of creditors, except as herein otherwise provided." It is nowhere "otherwise provided" as to filing in the act of 1881. It follows that

plaintiff's conditional sales contract was filed before the rights of creditors under the assignment attached or became vested.

Order affirmed.