Sfeae, J.
The case having been fully and adequately reported by the circuit court (20 O. C. C., 19), opinion bv Haynes, J., but little more is necessary here than to state the conclusions to which this court has arrived. .
The questions arising upon the record are: Did the order of the court that appointed the receiver include the real estate of the defendant Company? And if it did, is the receiver entitled, to the funds arising from the sale of the mortgaged property in preference to the mortgagee by reason of the fact that the mortgage, though executed before the appointment of the receiver, Ayas not delivered to the recorder for record until after such appointment?
1. Objection is made to the sufficiency of the order to embrace the real estate because neither the petition nor the motion on which the receiver was appointed describes .or refers to real estate. True it is that real *212 estate is not specifically mentioned in either the petition or motion, but the petition,' having set forth adequate grounds for the appointment, including the allegation that if the personal property seized in execution, being all the personal property and assets, should remain in the hands of the sheriff and be sold under the writ, the good will of the business as á going concern would be destroyed (thus showing that it was.no longer able to carry on its. business), prays that the court will appoint a receiver to take charge of all the property and assets of the Company. Then follows the order making the appointment of a receiver for all the property and assets of the Company, of every kind and description, wherever located. He was thereupon authorized to collect debts, to conduct and manage the business heretofore carried on by the Company, etc., etc. The defendant Company, and all persons having any property belonging to it, were ordered to surrender the same to the receiver. Thereupon the receiver, having qualified, proceeded to take possession of all the property of the Company of every kind and description, including real estate, and to further carry out the order of the court. All this was done with the full knowledge and consent of the Company, and without any suspicion of fraud or improper practice. How could a creditor of the Company be heard afterward to object? Most of all, how couid the president of the Company be heard? We think he could not. The petition sufficiently describes, and the order sufficiently includes, the property sought to1 be subjected to the jurisdiction of the court, and satisfies the rule that the order should distinctly state over what property the receiver is appointed in order that persons dealing with him may know what property is in possession of the court by its officer. (High *213 on Bee., sec. 87.) It is all the property. Nor is the validity of the order affected by the fact that the petition does not specifically refer to real estate. Even though it be defective for lack of fullness of statement, such defect would be cured by the appearance and consent of the Company. (High on Bee., sec. 86.) The order is as full and definite as is usual in orders appointing receivers for railways, large manufacturing concerns, and the like, and as full as many deeds of assignment and other conveyances which have been sustained by the courts. High on Bee., sec. 453; Barton v. Morris, 15 Ohio, 408; Bank v. Werk, 17 W. L. B., 174. Slight imperfections in the pleadings, or irregularities in the proceedings, if they exist, become unimportant in view of the well established general rule that the property of an insolvent corporation Avhich has ceased to do business, and to carry out the objects of its creation, constitutes a trust fund for the equal benefit of its creditors, and the conclusion which inevitably follows that, upon the filing of the petition and service on the corporation and its answer admitting the truth of the charges and consenting to the granting of the prayer, the court’s jurisdiction attached to all the property of the corporation, and its poAver to administer it for the benefit of all the creditors was complete. Rouse v. Bank, 46 Ohio St., 493; Belmont Nail Co. v. The C. I. & S. Co., 46 Fed. Rep., 8.
2. It is to be noted that the mortgage, though executed months prior to the commencement of the action, Avas not delivered to the recorder for record until July 30,1898, forty-five days after the appointment of the receiver. The distinct provision of section 4133, Bevised Statutes, being that “All mortgages * * * shall take effect from the time the same are delivered *214 to -tlie recorder, of the proper county for record,” it would follow that this mortgage could not operate as a lien to affect the rights of creditors prior to the above, date, nor, as ■ against the receiver, provided the receiver represents the general creditors. That an assignee by virtue óf. a general assignment for the benefit of creditors so represents creditors, and that a mortgage of real property, not deposited with the recorder for record until after the taking effect of the assignment, creates no lien as against the assignee and the creditors, is distinctly held in Betz v. Snyder, 48 Ohio St., 492. The relation of an assignee and a receiver to the property of an insolvent debtor is in many respects similar. The one obtains title to and authority and power over the property by reason of the joint act of the debtor and the court; the other obtains a liké authority by the act of the court alone, not having the title, but standing as the ministerial officer of the court, his relation to the property being much like that of a sheriff or master in chancery. Bank v. Buckingham, 12 Ohio St., 419. His appointment is an equitable remedy, bearing the same relation to Courts of equity that proceedings in attachment bear to courts of law, the appointment being treated as an equitable execution. The purpose is to secure the means for satisfying the final order and judgment of the court in the action, and the effect of the seizure is to place the property seized in the custody of the court. Railroad Co. v. Sloan, 31 Ohio St., 1. By express provi - sion of section 5590, Revised Statutes, the receiver is given power, under the control of the court, to take and keep possession of the property, and generally to do such acts respecting the property as the court may authorize. This statutory provision establishes a legal Tight, and this legal right is not affected by the *215 fact that it is conferred in an action in its nature equitable, nor by the fact that it is to be enforced against a claim which would have been good as between the claimant and the debtor. It follows from this that the effect of the appointment, and the seizure of the property by the receiver, was to fasten the claims of creditors upon it and to give that officer control over it for the benefit of creditors, and in this respect his relation to it was, for all practical purposes, the same as that which an assignee would have had. The property thus sequestered was held by the receiver as effectually as an assignee could have held it, .or as creditors could have held it by attachment or levy. In no other way than through him could the rights of creditors be worked out, and, in this aspect of the case, he represented the creditors rather, than the debtor. Graham Button Co. v. Spielmann, 50 N. J. Eq., 120, Hebberd v. S. L. & Cattle Co., 55 N. J. Eq., 18; In re W. & H. Co., 70 Conn., 220; Farmers’ L. & T. Co. v. M. E. & M. Works, 35 Minn., 543; Bayne v. Brewery Pottery Co., 90 Fed. Rep.; 754; High on Rec., Sec. 454; Smith on Rec., secs. 230, 231.
We think that, upon principle as well as upon the above authorities and.many others of like import which might be cited, the right of the receiver'to the property in dispute was a legal right to its possession with authority to manage it and dispose .of it for the benefit of creditors generally; that it antedated the taking'effect-of plaintiff’s mortgage, ■ and--that, therefore,, as1 between the plaintiff'and'the receiver, the proceeds of the sale belong to the ffitter. ’.
We find no error in the record in this case nor in case No. 6795, and both judgments will be

Affirmed.

Minshall, <3. .-J., and Williams,, Riie-plt, Davis and Shauck, JJ., concur.